STATE *vs.* CALVIN EXUM.

*(October* 28, 1925.)

RICE and RICHARDS, J. J., sitting.

*James R. Morford*, Deputy Attorney-General, for the State. *Robert Adair* for defendant.

Court of General Sessions for New Castle County, September Term, 1925.

RICE, J., delivering the opinion of the Court:

The State moved to dismiss the appeal on the ground that it was not taken and filed in this Court within fifteen days after conviction, as provided by *Rule* 9 of the Rules of the Court of General Sessions. It is contended by the State that under the provisions of this rule the appeal should have been taken and filed in this Court within fifteen·days after January 6th, that being the date of conviction and parole, and that the defendant did not have the right to an appeal within fifteen days from June 29th, the day on which the parole was revoked and the defendant sentenced to be imprisoned.

Counsel for the defendant concedes the power of this Court to make reasonable rules for the practice and procedure in this Court, but contends that if conviction, as used in *Rule* 9, is confined to the ascertainment of guilt alone and is not to include the sentence imposed, then the rule is in conflict with the provisions of *Section* 30, *Article* 4 of the Constitution of the State, and is, therefore, unconstitutional. He further contends that if the word "conviction," as used in the rule, should be construed to include sentence, then the appeal was filed in this Court within the required time.

*Rule* 9 of the Court of General Sessions provides:

"All appeals to this Court shall be taken and transcript entered in the office of the Clerk of the Peace within fifteen days from the date of conviction. The first term shall be the trial term."

With reference to the jurisdiction of inferior courts, the second paragraph of *Section* 30, *Article* 4, *Constitution of the State of Delaware*, provides:

"The General Assembly may by law regulate this jurisdiction, and provide that the proceedings shall be with or without indictment by Grand Jury,

or trial by Petit Jury, and may grant or deny the privilege of appeal to the Court of General Sessions; provided, however, that there shall be an appeal to the Court of General Sessions in all cases in which the sentence shall be imprisonment exceeding one month, or a fine exceeding one hundred dollars."

While ordinarily the term "conviction" might refer only to the ascertainment of the guilt of the accused by verdict of jury, or by plea of guilty, yet, in considering *Rule* 9 in connection with the constitutional provision, it seems clear that the term "conviction" as used in that rule was intended to be used in a broader sense, and to include the sentence or order of the Court, as well as the ascertainment of guilt. This must be so, for in promulgating the rule the Court was considering those appeals which could be brought to this Court from inferior courts, and under the provisions of the Constitution, appeals from inferior courts would not lie to this Court unless the sentence should be imprisonment exceeding one month or a fine exceeding one hundred dollars. Whether an appeal in any case could be taken to this Court could not, therefore, be determined until the sentence was imposed.

Under the Constitution the sentence or fine is the determining factor in ascertaining whether or not an appeal may be taken to this Court. In *Commonwealth v. Gorham*, 99 *Mass.* 420, the following language is found:

The term "conviction" in its most common use "signifies the finding of the jury that the prisoner is guilty, but it is very frequently used as implying a judgment and sentence of the Court upon a verdict or confession of guilt."

In the present case the Court, at the time the guilt of the accused was ascertained, made an order of parole. No other sentence, fine or order was imposed. The accused at that time was precluded under the provisions of the Constitution from taking an appeal. Thereafter, on the 29th day of June, 1925, the defendant having violated the terms of his parole, was again brought into Court and upon the original conviction was sentenced to be imprisoned for a term of nine months. The sentence on the 29th day of June, for the first time, comes within the provisions of the Constitution permitting an appeal, and as we have already determined that the term "conviction" as used in *Rule* 9 included the sentence as well as the ascertainment of the guilt of the accused, the de-

fendant would now have the right, for the first time, to take an appeal and file a transcript within fifteen days from June 29th. Having taken and filed the transcript within the time provided in the rule, the case is now properly before this Court.

Therefore, the motion to dismiss the appeal should be, and is hereby denied.

*James R. Morford*, Deputy Attorney-General, for the State. *Robert Adair* for defendant.

