STATE *vs.* CHARLES H. DAWSON.

(*October* 28, 1925.)

RICE and RICHARDS, J. J., sitting.

*James R. Morford*, Deputy Attorney-General, for the State. *Robert Adair* for defendant.

Court of General Sessions for New Castle County, September Term, 1925.

RICE, J., delivering the opinion of the Court:

The facts of the case are somewhat similar to the facts in the case of *State v. Exum*, 130 *A*. 854, decided by this Court at the present term; they differ, however, from that case in the following particulars: The defendant was convicted on March 8, 1921, on a charge of non-support. At the time of conviction he was ordered to pay the sum of ten dollars per week for the support of his wife and was released from custody on probation. On July 25, 1925, he was again brought into Court and sentenced to be imprisoned for the term of six months. The record does not show the reason for the sentence on July 25th, but from our knowledge of such cases, we assume it was for failure to pay the money he was ordered to pay for the support of his wife.

The State moved to dismiss the appeal for the reason that it was not taken and the transcript filed in this Court within fifteen days after conviction, as provided in *Rule* 9 of the Rules of the Court of General Sessions; and this Court is of the opinion that the motion should prevail.

In the Exum Case the Court construed the term "conviction" as used in *Rule* 9, to include sentence as well as the ascertainment of the guilt of the accused, and in that case the motion to dismiss the appeal was denied, because the appeal had been taken and the transcript filed in this Court within fifteen days after the date of sentence, no sentence having been imposed on the day the guilt of the defendant was determined.

In the present case the guilt of the defendant was ascertained on March 8, 1921, and on the same day he was ordered by the Court to pay ten dollars each week for the support of his wife. In our opinion the order of the Court to pay this stated sum each week would be considered a fine in excess of one hundred dollars, within the meaning of the provision of the Constitution, such as would permit the defendant to then take an appeal. It is reasonable to believe that the Court which made the order would have allowed an appeal to the defendant at that time; and certainly this Court would have entertained an appeal from such an order, as being within the provisions of *Section* 30, *Article* 4 of the Constitu-

tion of the State, if such appeal had been taken and transcript filed within the fifteen days as provided by *Rule 9*.

■■ Counsel for the defendant argues that he, the defendant, should be allowed fifteen days from the date of the subsequent sentence in which to take an appeal. The facts are that the defendant complied with the terms of the order for a considerable period of time, and later becoming delinquent, he was brought into Court and upon the original conviction sentenced to a term of imprisonment. We believe it was not intended by the rule to extend the fifteen day period to such time under the circumstances existing in this case, the defendant having had the opportunity and right to take an appeal at the time of conviction when the original order was made. The trial in this Court on appeal is a new trial upon the facts, and the rule was evidently promulgated in order to require a prompt trial of the case in this Court while the witnesses in the Court below were still available and the facts still fresh in the memory of the witnesses. This conclusion is strengthened by the last sentence in the rule, which provides that the first term shall be the trial term.

For the reasons stated the Court are of the opinion that the motion should be granted, and the dismissal of the appeal is, therefore, ordered.

NOTE—The sentence in this case was imposed under *Sections* 3034 and 3037, *Rev. Code* 1915, which authorize the Court either to fine or imprison or instead of such penalties or in addition thereto to make an order for support.