STATE OF DELAWARE V. GEORGE H. NIXON.

(*October* 29, 1945.)

SPEAKMAN and CAREY, J. J., sitting.

*Joseph H. Flanzer,* Deputy Attorney-General, for the State.

*W. Thomas Knowles* for the defendant.

Court of General Sessions for New Castle County, September Term, 1945.

CAREY, J., delivering the opinion of the Court:

The defendant, George H. Nixon, on March 30, 1943, was convicted in the Municipal Court of the City of Wilmington of desertion and nonsupport of his wife, Anna Nixon, and sentenced to pay a fine of $500 and be imprisoned for one year. On the same date, pursuant to §3530, Sec. 5, Ch. 87, *Revised Code* of 1935, the sentence was suspended, and in lieu thereof he was ordered by the Court to pay a certain sum periodically for the support of his said wife. On May 25, 1945, the defendant filed a petition in the same Court praying that the order be vacated on the ground that he had, on January 28, 1944, obtained a decree of divorce in the State of Florida. The Court below, on June 20, 1945, denied the app'ication to vacate the support order. The defendant appealed from that refusal on the same day and the transcript was filed in this Court July 3, 1945.

The State moved to dismiss the appeal for the reason that it was not taken and the transcript filed in this Court

within fifteen, days after conviction, as provided in Rule 9 of the Rules of the Court of General Sessions.

The jurisdiction of the Municipal Court of the City of Wilmington to hear this petition to vacate exists by virtue of the statute above mentioned, wherein it is provided that the Court making the original order of support shall have the power to change that order from time to time, as circumstances may require.

The Rule of Court designated as Rule 9, upon which the State has based its motion to dismiss, provides as follows:

"All appeals to this Court shall be taken and transcript entered in the office of the Clerk of the Peace within fifteen days from the date of conviction. The first term shall be the trial term."

At the argument, the State cited the cases of *State v. Exum*, 3 *W. W. Harr.* (33 *Del.*) 93, 130 *A.* 854, and *State v. Dawson*, 3 *W. W. Harr.* (33 *Del.*) 96, 130 *A.* 855, 856. The Exum case was cited merely as authority for the statement that the term "conviction" as used in Rule 9 includes the sentence or order of the Court, as well as the ascertainment of guilt. The Dawson case is cited in an effort to show that the "conviction," having occurred on March 30, 1943, could not be appealed after fifteen days from that date, and that a mere refusal to modify or change the original order or sentence is not appealable.

Because the Dawson case is the only authority called to our attention which is at all analogous to the case at bar, the facts therein should be briefly mentioned. The defendant Dawson was convicted on March 8, 1921, on a charge of non-support, and ordered to pay a weekly sum for the support of his wife in lieu of imprisonment or fine. On July 25, 1925, he was again brought into Court and sentenced to be imprisoned for six months for failure or refusal to comply with

the order. He attempted to appeal this sentence to this Court, but his appeal was dismissed. Rice, J., made the following statement:

"In the present case the guilt of the defendant was ascertained on March 8, 1921, and on the same day he was ordered by the Court to pay ten dollars each week for the support of his wife. In our opinion the order of the Court to pay this stated sum each week would be considered a fine in excess of one hundred dollars, within the meaning of the provision of the Constitution, such as would permit the defendant to then take an appeal. It is reasonable to believe that the Court which made the order would have allowed an appeal to the defendant at that time; and certainly this Court would have entertained an appeal from such an order, as being within the provisions of Section 30, Article 4 of the Constitution of the State, if such appeal had been taken and transcript filed within the fifteen days as provided by Rule 9.

"Counsel for the defendant argues that he, the defendant, should be allowed fifteen days from the date of the subsequent sentence in which to take an appeal. The facts are that the defendant complied with the terms of the order for a considerable period of time, and later becoming delinquent, he was brought into Court and upon the original conviction sentenced to a term of imprisonment. We believe it was not intended by the rule to extend the fifteen day period to such time under the circumstances existing in this case, the defendant having had the opportunity and right to take an appeal at the time of conviction when the original order was made. The trial in this Court on appeal is a new trial upon the facts, and the rule was evidently promulgated in order to require a prompt trial of the case in this Court while the witnesses in the Court below were still available and the facts still fresh in the memory of the witnesses. This con-

clusion is strengthened by the last sentence in the rule, which provides that the first term shall be the trial term."

The statute applicable to nonsupport cases (3528, Sec. 3, Ch. 87, *Revised Code* 1935) grants original concurrent jurisdiction to the Court of General Sessions and the Municipal Court of the City of Wilmington, and provides that the conviction shall be "subject to the right of the accused to appeal as provided by law in other cases." There being no other applicable statute, this right of appeal in such cases is based upon the second paragraph of Section 30, Article 4 of the Constitution of the State of Delaware which provides "that there shall be an appeal to the Court of General Sessions in all cases in which the sentence shall be imprisonment exceeding one month, or a fine exceeding one hundred dollars." In the Dawson case, supra, the Court considered that the support order was in effect a fine in excess of one hundred dollars, within the meaning of the provisions of the Constitution, such as would permit the defendant to take an appeal within fifteen days from the date of the original order. Although the Court did not expressly so state, it was undoubtedly guided by the decision of the Supreme Court in the case of *Donaghy v. State*, 6 *Boyce* 467, 493, 100 *A.* 696, 708, wherein it was held that "in every case where the payments imposed upon the accused would, during the continuance of his bond, amount to at least one hundred dollars he would be entitled to an appeal." The Supreme Court being the Court of last resort in Delaware, we are, of course, bound by the Donaghy decision, in so far as it applies to the present case.

The duty of support is a continuing one and therefore the crime of desertion and nonsupport is a continuing offense. In *re Alexander*, 3 *Terry* (42 *Del.*) 461, 36 *A.* 2d 361, 363. A man may be guilty of the crime one week and not guilty the next week. The sentence or order

for support, as well as the bond given for the payment thereof, continue in force until the termination of the offense.

█ The purpose of the statute is not only to provide a punishment for derelictions of duty as a husband or parent but also a means of enforcing the continuing liability to provide support. "Its object was not only to protect the State against the effects of pauperism, but also to actually secure to the wife or child money for food, raiment and shelter." In *re Alexander, supra*. The payments to be made under a support order are not merely a fine or penalty; they also serve as a means of providing support.

█ Now, it would indeed be a startling paradox to say that a man must continue to support his wife after his liability therefor had terminated. Furthermore, when the desertion and nonsupport ceases, it would certainly seem that liability upon the bond should cease as to any future payments, because on that date the defendant becomes no longer guilty of this continuing crime.

██ In the Dawson case, no change of marital circumstances was suggested. Dawson merely failed or refused to comply with the order and was sent to jail therefor. He was attempting to appeal from his original conviction. We have here an entirely different factual situation. By his petition for vacation of the decree in this case, the defendant contends that Mrs. Nixon is no longer his wife and that he no longer owes her the duty of support. If this be true, he says, his guilt has ceased and his sentence and bond have been terminated. We think the defendant's position is well taken. The real purpose of the hearing on the defendant's petition was to determine his guilt or innocence on that date. It amounts to a new adjudication of innocence or guilt. By dismissing his petition, the Court below has in effect found that he was still guilty on that date. We do not consider

that the statute was intended to give the Municipal Court—a court in which no jury trial is obtainable—final jurisdiction of such a matter.

The dismissal of the defendant's petition after a hearing is not essentially different from any other conviction or sentence. It is just as much a conviction and final order as to future payments as the conviction and order in the first instance, and inasmuch as the payments imposed upon the defendant by the dismissal of his petition will amount to more than one hundred dollars, he is entitled to appeal therefrom by virtue of the constitutional provision herein cited. That appeal must, of course, be taken and the transcript filed within fifteen days from the date of the refusal to vacate the order, according to the provisions of Rule 9.

We are not now called upon to decide whether an appeal will lie from a mere change or refusal to change an order by increasing or refusing to decrease the amount of payments, as that question is not before us.

In this case, the appeal was taken and filed within the period prescribed by Rule 9 and the motion to dismiss is therefore denied.