THE STATE OF DELAWARE, *et al.*, JOSEPH DONALD CRAVEN, Attorney-General, Relator, v. THE SUPERIOR COURT OF THE STATE OF DELAWARE IN AND FOR NEW CASTLE COUNTY, and the HONORABLE WILLIAM J. STOREY, sitting as Judge of said Court, Respondent. WALTER BOWDEN, Intervening Respondent.

(*May* 12, 1958.)

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

*F. Alton Tybout*, Deputy Attorney-General, for appellant.

*Max. S. Bell, Jr.*, for Intervening Respondent.

Supreme Court of the State of Delaware, No. 2, 1958.

BRAMHALL, J.:

Petition for writ of prohibition against the Superior Court of New Castle County, and William J. Storey, sitting as a Judge of said Court, to prevent said Superior Court and William J. Storey from proceeding with a trial *de novo*, on appeal, of a criminal charge against defendant. A motion was made by defendant to discharge the rule and dismiss the petition on the ground that the State has a complete and adequate remedy at law by way of petition for certification under Rule 20 of this Court, *Del. C. Ann.*

On September 10, 1957, defendant was tried in the Court of Common Pleas of New Castle County upon a charge of issuing worthless checks in violation of 11 *Del. C.* § 555. He was convicted and sentenced to serve a term of one year in prison and, in addition, to pay a fine of $500 and costs, or, in lieu thereof, to serve an additional 500 days in jail.

The transcript of the proceedings in the Court of Common Pleas is supplemented by affidavits of defendant and of counsel retained on his behalf after his conviction. In defendant's affidavit he states that a short time prior to his trial he had a conference with a Deputy Attorney General, who indicated to defendant that he might drop the charges against him; that defendant was later informed by the Deputy Attorney General that he would have to "tell his story to the Judge" rather than have his case "dismissed out of court"; that thinking this to be a mere formality, he went to trial without having the advice of counsel, as a result of which he was unprepared for trial and completely unable to defend himself properly; that immediately after the trial, in open court, he requested an appeal, but was given no help except the advice, which he later learned was erroneous, that he had fifteen days within which to effect an appeal to the Superior Court. It is further stated in defendant's affidavit that on September 15, 1957, five days after his conviction, he wrote the judge who tried his case, requesting that an appeal be taken on his behalf, but received no reply to his letter; that he wrote the same judge another letter on September 29, 1957, again requesting an appeal, and received a letter in reply, dated October 8, 1957, suggesting that defendant have his counsel communicate with the Clerk of the Court in order that "he might take any proper legal steps available." Neither the Deputy Attorney General nor the Court could recall that defendant immediately after his trial stated that he wished to take an appeal. The record of the Court of Common Pleas does not disclose the receipt of any such letter, nor does the trial judge recall receiving the same.

In the affidavit of counsel for defendant, he stated that he was first requested to represent defendant around the middle of October, 1957; that after investigating the facts of the case, he filed in the Court of Common Pleas, on November 12, 1957, a motion to vacate the sentence as being illegal; that as a result of a hearing in the chambers of the Court of Common Pleas, defendant appeared personally in Court, at which time the sentence

of 500 days in default of payment of $500 fine was changed to a further term of one year, beginning and ending concurrently with the original sentence of one year; that on November 18, 1957, counsel for defendant filed a notice of appeal to the Superior Court, which appeal is now pending. Timely motion to dismiss the appeal was filed on the ground that it was not taken within the statutory period. This motion was denied. A rule for writ of prohibition filed in this Court to prevent the Superior Court from hearing the appeal *de novo* followed.

Three questions are presented: (1) Should the petition for writ of prohibition be dismissed on the ground that petitioner has an adequate remedy by way of petition for certification of question of law under Rule 20 of this Court?; (2) Did the time of filing an appeal begin as of the time of conviction and original sentence on September 10, 1957, or at the time of the sentence on November 12, 1957?; (3) Were defendant's actions, following his conviction and sentence on September 10, 1957, sufficient to make his appeal timely?

We first dispose of the preliminary question as to whether or not this Court has jurisdiction to hear the petition for a writ of prohibition. Defendant contends that the State has a remedy under Rule 20 of this Court relating to proceedings on certification of questions of law. In that rule it is provided, *inter alia,* that the Court of Chancery, the Superior Court, or the Orphan's Court may, on petition or on its own motion, certify to this Court for its decision certain questions of law arising in any cause pending before it whenever there are important or urgent reasons for immediate determination of such questions by this Court. It is further provided therein that the allowance of such certification is within the "sound judicial discretion of this Court."

We see no merit to this contention. Obviously, from the language of the rule itself, it is clear that the certification of questions of law under this rule lies entirely within the discretion of the lower court. The same is true as to the acceptance of such

certification by this Court. There can therefore be no assurance in this case that the lower court would certify the question or questions of law necessary to be determined. Furthermore, there is no assurance that this Court would accept such certification if made. Assuming, however, that the Superior Court would be willing to make such certification, and that this Court would be willing to accept it, the State would have no assurance that such procedure would be acceptable to defendant. If defendant should object to such certification, or even fail to agree thereto, as he might well do, there might arise a question as to whether the certification under such circumstances would violate a fundamental right of defendant. We do not, however, pass upon the latter question.

■ It is true, as we stated in the case of *Canaday v. Superior Court*, 1955, 10 *Terry* 332, 116 *A.* 2d 678, that a writ of prohibition may not be distorted into a writ of error to review a proceeding by a court below. We also held in that case that a writ of prohibition will be denied if the petitioner has another adequate and complete remedy at law for the correction of the alleged error in the court below. But the remedy by certification would at best be most uncertain. For this reason, we do not think that the State before filing a petition for writ of prohibition must first endeavor to pursue a remedy where the probability of success is so remote.

■ We think that this Court has jurisdiction in the present action to issue a writ of prohibition to the Superior Court, should it determine the same to be warranted.

The defendant's second contention is that the time for appeal runs from November 12, 1957, the date of the amended sentence, and not from September 10, 1957, the date of the original sentence. To this the state replies first that the date of the original "conviction" (as opposed to "sentence") is the controlling date; and second that in any event the date of the original sentence controls.

 The first contention of the state is based upon the language of the statute granting the right of appeal. It reads:

"Every person convicted under this section in any Court of Common Pleas, in the Municipal Court for the City of Wilmington, or before any justice of the peace, shall have the right to an appeal to the Superior Court of the county. No such conviction or sentence shall be stayed pending appeal unless the person convicted shall give bond in an amount and with surety to be fixed by the judge or justice before whom such person was convicted, at the time such appeal is taken. Such appeal shall be taken and bond given within five days from the time of conviction." 11 *Del. C.* § 555(f).

We do not agree that the date of conviction as distinguished from the date of sentence is controlling.

In its general and popular sense, and frequently in its ordinary legal sense, the word "conviction" is used in the sense of establishment of guilt prior to and independently of judgment and sentence. However, in the restricted or technical legal sense in which it is sometimes used, the word "conviction" means the final consummation of the prosecution against the accused including the judgment or sentence rendered pursuant to a conviction. *State v. Exum,* 3 *W. W. Harr.* 93, 130 *A.* 854; *Neibling v. Terry,* 352 *Mo.* 396, 177 *S. W.* 2d 502, 152 *A. L. R.* 249; *Gilmore v. State,* 3 *Okl. Cr.* 639, 643, 108 *P.* 416, 418; *Bugbee v. Boyce,* 68 *Vt.* 311, 35 *A.* 330; *Davis v. State,* 134 *Wis.* 632, 115 *N. W.* 150. In our opinion the latter interpretation is the one intended by the quoted statute.

Historically, the word "conviction", when relating to appeals has been interpreted in this State as including judgment and sentence. The language of Section 28 of Article 4 of the Constitution of this State, *Del. C. Ann.,* providing for appeals to the Superior Court "in all cases in which the sentence shall be imprisonment exceeding one (1) month, or a fine exceeding One Hundred Dollars ($100.00)" indicates explicitly that in all ap-

peals coming within this section of the Constitution, sentence must have been imposed by the trial court. Rule 9 of the Court of General Sessions—in effect in that Court until the transfer of its jurisdiction to the Superior Court—provides that all appeals to that Court shall be taken within fifteen days from the date of *conviction*. This rule was construed by the Court of General Sessions in two cases, the case of *State v. Exum, supra,* and the case of *State v. Dawson,* 3 *W. W. Harr.* 96, 130 *A.* 855. In the *Exum* case the defendant, after conviction, had been placed upon probation. Sometime later he was sentenced to a term of imprisonment of nine months. He then appealed. A motion to dismiss the appeal was made on the ground that the appeal was not taken within fifteen days as provided by Rule 9 of the Court of General Sessions. In denying this motion the Court, conceding that ordinarily the term "conviction" referred only to the ascertainment of the guilt of the accused, held that in considering Rule 9 in connection with the constitutional provision it was clear that this term was used in a broader sense to include the sentence or order of the Court as well. The Court held that the order of probation was not an appealable order and that therefore the right of appeal did not arise until the later sentence of nine months imprisonment. In the *Dawson* case—which was decided by the same Court on the same day—after a conviction for non-support, an order of $10 per week was placed against defendant. Later defendant was sentenced to serve a term of imprisonment of six months for non-payment of the order. The motion to dismiss the appeal in that case was granted on the ground that the order of $10 per week *was* an appealable order under the Constitution as being in excess of $100 and an appeal would have been allowed at the time of the original sentence. In that case the Court said that it was not intended that the time of appeal be extended under any such circumstances.

In the case before this Court, while the sentence of defendant was irregular, it was an appealable order and a timely appeal would have been permitted under the Constitution after the conviction and original sentence.

■ But we agree with the State's second point that the date of the original sentence controls. The defendant contends that since the sentence of the Court was illegal, the original sentence was a nullity and the changes later made by the Court with reference thereto constituted a new sentence, causing the time for taking an appeal to begin on that date. The Superior Court of this State in the case of *Mullin v. State*, 8 *W. W. Harr.* 533, 194 *A.* 578, decided in 1937, held that where part of the sentence was invalid, a defendant would not be permitted to escape that part of the sentence which was legal provided the two could be separated. To the same effect is the case of *Biddle v. Board of Trustees of New Castle County Workhouse*, 1937, 3 *W. W. Harr.* 425, 138 *A.* 631. In the present case, upon petition of defendant, filed by his counsel, the Court of Common Pleas changed his sentence by fixing the term of imprisonment for failure to pay the fine of $500 as one year in prison, instead of 500 days, and further changed the sentence by making the said term of one year to run concurrently with the original sentence of one year.

■ This sentence, or resentence (by whatever term it may be designated is unimportant) is not based upon any new development occurring thereafter, as was the case in *State v. Nixon*, 4 *Terry* 250, 45 *A.* 2d 538. Necessarily, therefore, any change or modification therein related back to the original sentence. *Commonwealth v. Mackley*, 380 *Pa.* 70, 110 *A.* 2d 172. This follows because, since defendant had the right of appeal at the time of his conviction and original sentence, this right is not kept alive after the expiration of the time fixed by statute for the taking of an appeal except as to the resentence itself or as to some other act occurring after the time of the original sentence. See *State v. Nixon, supra.*

The final question which we must determine is whether defendant's action following his conviction and sentence on September 10, 1957, was suffiicient to perfect his appeal.

As previously stated, defendant contends that immediately after his conviction he announced in open court his desire to take

an appeal. He also contends that on September 15, 1957, he wrote a letter to that effect, addressed to the trial judge in the Court of Common Pleas. No stenographic record of the trial and no such letter is in the files of the Court of Common Pleas. Defendant's affidavit is not corroborated in these respects. The statement relative to the appeal is denied by the Deputy Attorney General. No opinion was filed by Judge Storey in his decision refusing to dismiss the appeal, nor was any finding made by Judge Storey as to the truth of defendant's allegations.

As to defendant's first contention that he gave notice of appeal at the time of the original sentence, it must be rejected as an attempt to contradict the written transcript of the proceedings before the court of Common Pleas. There is no allegation of any wrongful conduct on the part of the trial judge or the clerk which would justify a reviewing court in going outside of the record. Certainly no reviewing court would assume, without allegation and proof, that the trial judge deliberately or wrongfully denied the defendant his right of appeal.

Defendant's second contention about the letter, however, presents a question of fact. He has sworn that he wrote such a letter and a copy is attached to his affidavit. It is dated September 15, 1957, the last day of the time within which he could appeal. The defendant was in jail at the time and had no counsel. If this letter was actually written *and* delivered to the proper authorities at the New Castle County Correctional Institution, it should be given in law the same effect as if the defendant had actually filed it with the clerk on that day. If the letter was written and delivered for mailing, the failure of the clerk of the court to receive it would be attributable either to its loss in the mail or to the default of the authorities at the Institution, and the prisoner's right to appeal was not lost. If, on the other hand, the letter was not written, or if written was not so delivered, the prisoner lost his right of appeal.

As above noted, this question, which we think is the crucial question in the case, was not specifically resolved by the Superior

Court. We are, therefore, compelled to remand the case for a finding of fact upon this question. The evidence before the court hardly seems sufficient to permit it to resolve the point. The court below will, therefore, be at liberty to take such further testimony as it may deem pertinent to this issue.

A writ of prohibition will issue, containing, however, a proviso that if the trial court on remand shall determine that the defendant's letter was actually written and delivered for mailing, the writ shall be automatically discharged; otherwise, the writ shall remain in full force and effect.