KATHRYN C. MAYER,
Plaintiff,

*vs.*

ARTHUR P. MAYER, SR.,
Defendant.

*New Castle, July 15, 1958*

*Stephen E. Hamilton, Jr.,* of Richards, Layton & Finger, Wilmington, for plaintiff.

*Joseph H. Flanzer,* Wilmington, for defendant.

MARVEL, Vice Chancellor: Plaintiff, who lives in Ardmore, Pennsylvania, but who claims to be domiciled in Delaware, seeks an order from this Court directing her former husband to support her. She alleges that despite the fact that a District Court of Nevada has admittedly dissolved the marriage previously existing between her and defendant, nonetheless, "* * * since plaintiff did not appear in the Nevada proceedings neither the said Nevada divorce nor said holding of this Court [1] relieves defendant of his duty and obligation, past, present and future to support and maintain plaintiff". Plaintiff, however, does not base any part of her claim on a pre-existing support decree and the Nevada judgment of divorce is silent as to alimony or the like. Compare *Estin v. Estin,* 334 *U.S.* 541, 68 *S.Ct.* 1213, 92 *L.Ed.* 1561.

Plaintiff's prayers ask that judgment be entered in an appropriate amount, "* * * for plaintiff's past and future proper and adequate support and separate maintenance * * *", for a fair and reasonable division of defendant's real and personal property and for suit money.

Relying on *Vanderbilt v. Vanderbilt,* 354 *U.S.* 416, 77 *S.Ct.* 1360, 1362, 1 *L.Ed.2d* 1456, plaintiff contends in the words of that Court's opinion that the Nevada divorce court, in a proceeding in which plaintiff did not appear, "* * * was as powerless to cut off the wife's support right as it would have been to order the husband to pay alimony if the wife had brought the divorce action and he had not been subject to the divorce court's jurisdiction". It is also argued, quoting earlier language of the majority opinion in the Vanderbilt case:

---

1. *Mayer v. Mayer,* Civil Action No. 535, New Castle County, Memorandum Opinion of July 24, 1956 holding that the husband having established domicile in Nevada, the divorce decree entered in that state was entitled to full faith and credit in Delaware, affirmed, Supreme Court of Delaware, 132 *A.2d* 617.

"It has long been the constitutional rule that a court cannot adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant. *Pennoyer v. Neff*, 95 *U.S.* 714, 726-727, 24 *L.Ed.* 565."

In the Vanderbilt case the wife, who had not appeared in the Nevada divorce action, thereafter on the basis of alleged domicile in New York sued in that state for separation from her former husband and for alimony. Mr. Vanderbilt was not personally served in the support proceeding but in order to satisfy his support obligations, if any, to his former wife, his New York property was sequestered. Appearing specially and relying on the Nevada decree he contended that the New York court must give full faith and credit to the Nevada decree as one "* * * having ended the marriage and, as having destroyed any duty of support * * *". The trial court, however, later upheld by the Court of Appeals, directed Mr. Vanderbilt to make support payments to his former wife under the terms of § 1170-b of the New York Civil Practice Act which provides:

"In an action for divorce, separation or annulment, * * * where the court refuses to grant such relief by reason of a finding by the court that a divorce * * * declaring the marriage a nullity had previously been granted to the husband in an action in which jurisdiction over the person of the wife was not obtained, the court may, nevertheless, render in the same action such judgment as justice may require for the maintenance of the wife."

In Delaware, the basic[2] statute having to do with the duty of a husband to support his wife is § 502 of *Title* 13 *Del.C.* This statute refers solely to the obligation of a "husband" to support his "wife", and provides criminal sanctions on proof of non-support. No provision is therein made for compelling a divorced man to support his former wife, *State v. Nixon*, 4 *Terry* 250, 43 *Del.* 250, 45 *A.2d* 538, and *State v. Foster*, 5 *Terry* 384, 44 *Del.* 384, 57 *A.2d* 58. Plaintiff, however, relying on the principle of so-called "divisible divorce", in-

2. Also see § 963 of Title 10, *Del.C.*, hereinafter considered, which confers jurisdiction in support matters formerly exercised by this Court on the Family Court of New Castle County.

sists that the Nevada court not having had personal jurisdiction of plaintiff was powerless to destroy her right to be supported by her husband, a right claimed to be enforceable in this Court on the authority of *DuPont v. DuPont, 32 Del.Ch.* 413, 85 *A.2d* 724.

Defendant initially moved to dismiss the amended complaint under Rule 12(b) (6), *Del.C.Ann.,* but later on the basis of the Nevada divorce papers moved for summary judgment.

Even if it were entirely clear that a plaintiff in a Delaware action such as this could claim support from her former husband either in the form of separate maintenance or a division of property despite a valid foreign divorce, as was decided in *Vanderbilt v. Vanderbilt, supra,* I am of the opinion that plaintiff has come to the wrong court for relief. § 963 of Title 10 *Del.C.,* effective June 9, 1955, provides that the Family Court of New Castle County, "(a) * * * shall have exclusive original jurisdiction * * * over civil actions heretofore within the jurisdiction of the Court of Chancery * * * in which a wife claims * * * that her husband * * * has refused to provide for her necessary support and maintenance * * *", and in such an action "(b) (3) * * * the petitioning wife shall possess all rights heretofore possessed by a destitute * * * wife in an action for support and/or separate maintenance in the Court of Chancery of the State of Delaware * * *".

The present case being before me on defendant's motion for summary judgment, the parties have not briefed the question of whether or not the Legislature in eliminating the jurisdiction of the Court of Chancery in support matters, failed at the same time to furnish an equivalent remedy in another forum, but on the basis of the cited statute I must decline to take jurisdiction of plaintiff's cause of action.

Surely a wife who concedes that a divorce decree entered on her husband's complaint in Nevada was a final and absolute dissolution of the marriage res, can have no greater rights in this Court than a plaintiff wife validly married to a defendant husband.

However, because the Court sua sponte has raised the matter of its lack of jurisdiction over the subject matter, an opportunity will be furnished for further briefing and argument on such issue if desired. If such an opportunity is not taken, an order will be entered denying defendant's motion for summary judgment and dismissing the complaint under Rule 12(b) (1) subject to the removal provisions of § 1901, Title 10 *Del.C.*