IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

RSUI IDEMNITY COMPANY,          )
                                )
            Plaintiff,          )
                                )
      v.                        )      C.A. No. N13C-10-096 MMJ CCLD
                                )
SEMPRIS, LLC d/b/a BUDGET       )
SAVERS AND PROVELL, INC.        )
f/k/a BUDGET SAVERS             )
                                )
            Defendants.         )

Submitted : November 24, 2014
Decided: December 3, 2014

### ORDER DENYING LEAVE TO APPEAL
### FROM INTERLOCUTORY ORDER

(1)    Plaintiff RSUI Indemnity Company has moved for an order certifying an interlocutory appeal to the Delaware Supreme Court. The determination of whether to certify an interlocutory appeal lies within the discretion of the Court and is analyzed under the criteria set forth in Supreme Court Rule 42(b).[1]  An interlocutory appeal will not be certified unless the Court finds that its decision: (1) determines a substantial issue; (2) establishes a legal right; and (3) satisfies one of the five criteria

---

[1] *See, e.g., Tortuga Cas. Co. v. Nat'l Fire Ins. Co. of Pittsburgh*, 1991 WL 247813, at *2 (Del.); *State v. Superior Court*, 141 A.2d 468, 471 (Del. 1968).

set forth in Rule 42(b)(i)-(v). Under Rule 42(b)(i), the Court may look to the criteria established by Rule 41.

(2)    In this action, RSUI seeks a declaratory judgment that RSUI owes no insurance coverage obligations to Defendant Sempris, LLC. RSUI moved for summary judgment on certain counts in the complaint and on Sempris' counterclaims. Sempris moved for partial summary judgment, seeking a declaration that RSUI has a duty to defend Sempris in the underlying *Toney* lawsuit.

(3)    By Opinion dated September 3, 2014, this Court held:

> No genuine issue of material fact exists that would prevent the Court from granting summary judgment. Sempris has met its burden to prove the *Toney* Lawsuit falls within the Policy's grant of coverage. The Court finds that the *Toney* Lawsuit, arising from alleged violations of the TCPA, is not related to the Prior Lawsuits. The Court finds that RSUI has failed to prove that any exception exists that bars coverage for the *Toney* Lawsuit. Counts II, III, IV, V and VI are not dismissed, as requested by RSUI. The Court finds that RSUI has a duty to defend Sempris in the underlying *Toney* Lawsuit.
> **THEREFORE,** RSUI's Motion for Summary Judgment is hereby **DENIED**. Sempris' Motion for Partial Summary Judgment is hereby **GRANTED.**

(4)    RSUI argues that interlocutory appeal pursuant to Supreme Court Rule 42(b) is justified because a decision on summary judgment, in the context of an insurance coverage dispute, constitutes a "substantial issue" and satisfies the

"legal right" requirement of Rule 42(b). Further, RSUI contends that review may terminate the litigation or otherwise serve considerations of justice pursuant to Rule 42(b)(v).

(5) Sempris opposes certification of the interlocutory appeal. Sempris argues that the duty to indemnify is independent of the duty to defend and that a finding that an insurer does not have a duty to defend does not inexorably lead to the conclusion that no duty to indemnify exists as a matter of law. Sempris also asserts that RSUI need not indemnify on allegations which, at the end of the case, are found insufficient to activate the defense duty. Thus, Sempris contends, regardless of the outcome of any interlocutory appeal, the parties' indemnification-related claims will remain unresolved. Finally, Sempris urges that the Court, in the interest of justice, deny interlocutory appeal so that RSUI will begin to fulfill its obligation to defend in the ongoing *Toney* lawsuit.

(6) The Court finds that the September 3, 2014 Opinion determines a substantial issue and establishes a legal rights.[2] However, interlocutory review in this case will not substantially reduce further litigation and otherwise serve considerations of justice.[3] Counts II, III, IV, V and VI of the Complaint were not dismissed. The ultimate duty to indemnify has not been resolved. The interests of justice weigh in

[2]Supr. Ct. R. 42(b).

[3]*See* Supr. Ct. R. 42(b)(iii).

favor of RSUI providing a defense in the ongoing underlying *Toney* lawsuit, pending the final outcome of the litigation in this Court.

**THEREFORE,** RSUI has failed to demonstrate that any of the five criteria set forth in Delaware Supreme Court Rule 42(b)(i)-(v) require that the Court exercise its discretion to certify interlocutory appeal. The Application for Certification of an Interlocutory Appeal is hereby **DENIED.**

**IT IS SO ORDERED.**

/s/ *Mary M. Johnston*
The Honorable Mary M. Johnston