**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| ADCHEMY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N15C-03-096 MMJ CCLD |
| | ) | |
| PLATEAU DATA SERVICES, LLC, | ) | |
| and ZETA INTERACTIVE, formerly | ) | |
| known as XL MARKETING CORP., | ) | |
| | ) | |
| Defendants. | ) | |

Submitted : February 8, 2018
Decided: February 14, 2018

## ORDER DENYING LEAVE TO APPEAL
## FROM INTERLOCUTORY ORDER

Defendants have moved for an order certifying an interlocutory appeal to the Delaware Supreme Court. The determination of whether to certify an interlocutory appeal lies within the discretion of the Court and is analyzed under the criteria set forth in Supreme Court Rule 42(b).[1] An interlocutory appeal will not be certified unless the Court finds that its decision: (1) determines a substantial issue; (2) establishes a legal right; and (3) satisfies one of the five criteria set forth in Rule 42(b)(i)-(v). Under Rule 42(b)(i), the Court may look to the criteria established by Rule 41.

---

[1]*See Tortuga Cas. Co. v. Nat'l Fire Ins. Co. of Pittsburgh*, 1991 WL 247813, at *2 (Del.); *State v. Superior Court*, 141 A.2d 468, 471 (Del. 1968).

1

Plaintiff moved, *in limine*, to exclude any evidence relating to consequential or opportunity cost damages, or the loss of anticipated or future business or profits. The motion was reviewed by the Special Master, who found that the motion was an untimely partial summary judgment motion. The Special Master recommended that the Court resolve the issue prior to trial.

The motion requested that the Court find, as a matter of law, that the contract at issue precludes Defendants' counterclaims for damages in the form of lost profits. The Court determined that the motion was partially dispositive and, therefore, untimely. Nevertheless, in the interest of judicial economy, the Court exercised its discretion to address the motion prior to trial to enable the parties to efficiently prepare.

By Memorandum Opinion dated December 19, 2017, the Court granted Plaintiff's motion. The Court held that "all remaining counterclaims are in essence claims for breaches of representations and warranties. Thus, Article VII Indemnification controls as the defined Exclusive Remedy. Damages in the form of consequential, opportunity cost, loss of anticipated or future business, and profits, are specifically excluded."

Defendants moved for reargument. The Court denied the reargument motion by Order dated January 18, 2018.

Defendants have applied for certification of an interlocutory appeal from the December 19, 2017 Memorandum Opinion and the January 18, 2018 Order.

2

Defendants argue that the Court decided two substantial issues of material importance. First, the Court erroneously interpreted the asset purchase agreement as precluding certain damages. Second, the Court made this decision without full briefing. Defendants contend that the criteria of Rule 42(b)(iii)(E) (the Court reversed a prior decision deciding a significant issue and interlocutory review may substantially reduce litigation or otherwise serve considerations of justice) and Rule 42(b)(iii)(H) (review may serve considerations of justice) have been satisfied.

Plaintiff opposes interlocutory appeal. Plaintiff contends that the Court's ruling precluding evidence relating to certain damages is a collateral matter, not a substantial issue. Additionally, whether Defendants had a sufficient opportunity to brief and argue their motion is a matter of procedure, not substantive law.

The Court finds that the December 19, 2017 Memorandum Opinion determined a substantial issue.[2] However, the Memorandum Opinion did not reverse or set aside a prior decision of the trial court. For reasons set forth in the Memorandum Opinion, and January 18, 2018 Order, resolving the legal issue - contract interpretation regarding available damages - was not contrary to the Court's prior decisions. In any event, Rule 42(b)(iii)(E) was not intended to apply

---

[2]Supr. Ct. R. 42(b).

3

to alleged self-reversal by a judge in the course of a single case. Further, denial of reargument is not appropriate for interlocutory appeal.[3]

The Court holds that interlocutory review in this case will not substantially reduce further litigation and otherwise serve considerations of justice.[4] The Court ruled that all claims, including counterclaims, fall within certain contractual damages limitations. The Court did not prohibit all damages evidence. The measure of damages remains a question of fact for the jury. The interests of justice weigh in favor of this case proceeding to trial. The Court has made many crucial rulings in the course of this hotly-contested litigation. Once the jury has rendered its verdict, a single appeal, if any, should encompass all issues of concern to the parties.

**THEREFORE,** Defendants have failed to demonstrate that any of the five criteria set forth in Delaware Supreme Court Rule 42(b)(i)-(v) require that the Court exercise its discretion to certify interlocutory appeal. The Application for Certification of Interlocutory Appeal is hereby **DENIED.**

**IT IS SO ORDERED.**

The Honorable Mary M. Johnston

---

[3] *See Rabspan, Inc. v. Ryland Group, Inc,* 2004 WL 2743400, at *1 (Del.).

[4] *See* Supr. Ct. R. 42(b)(iii).

4