# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, *ex rel.*
KATHLEEN JENNINGS, Attorney
General of the State of Delaware,

      Plaintiff,

      v.

PURDUE PHARMA L.P.; PURDUE
PHARMA INC.; THE PURDUE
FREDERICK COMPANY; ENDO
HEALTH SOLUTIONS INC.;
ENDO PHARMACEUTICALS INC.;
MCKESSON CORPORATION;
CARDINAL HEALTH INC.;
AMERISOURCEBERGEN
CORPORATION; ANDA
PHARMACEUTICALS, INC.; H.D.
SMITH, LLC; CVS HEALTH
CORPORATION; and WALGREENS
BOOTS ALLIANCE, INC.,

      Defendants.

) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )

C.A. No. N18C-01-223 MMJ CCLD

Submitted: November 25, 2019
Decided:  December 4, 2019

## ORDER DENYING LEAVE TO APPEAL
## FROM INTERLOCUTORY ORDER

(1)    Plaintiff the State of Delaware has moved for an order certifying an interlocutory appeal to the Delaware Supreme Court. The determination of whether to certify an interlocutory appeal lies within the discretion of the Court and is

analyzed under the criteria set forth in Supreme Court Rule 42(b).[1] An interlocutory appeal will not be certified unless the Court finds that its decision: (1) determines a substantial issue; (2) establishes a legal right; and (3) satisfies one of the five criteria set forth in Rule 42(b)(i)-(v). Under Rule 42(b)(i), the Court may look to the criteria established by Rule 41.

(2) In this action, the State seeks to recover damages allegedly resulting from manufacturers', distributors', and pharmacies' misconduct relating to prescription opiods. This Court originally dismissed the State's claims against Defendant Walgreens, without prejudice, requiring that the State file an Affidavit of Merit pursuant to 18 *Del. C.* § 6853(a)(1). An Affidavit of Merit was filed under seal and reviewed by the Court. The Court found that the Affidavit was insufficient and granted the State leave to amend. The Court found that the Affidavit must include examples of specific injuries to individuals, and the proximate cause link between any breaches of pharmaceutical duties and individual patients. It was not enough that the State allege medical negligence in its role as *parens patriae*, on behalf of its citizens in general.

(3) The State filed a Motion for Reargument, which was denied on September 25, 2019.

---

[1] *See, e.g., Tortuga Cas. Co. v. Nat'l Fire Ins. Co. of Pittsburgh,* 1991 WL 247813, at *2 (Del.); *State v. Superior Court,* 141 A.2d 468, 471 (Del. 1968).

(4) The State argues that interlocutory appeal pursuant to Supreme Court Rule 42(b) is justified because the Court's decision: relates to the merits of the case and determines a substantial issue of material importance; involves an issue of first impression in Delaware; relates to statutory construction; and an interlocutory order may resolve a conflict between trial courts.

(4) Walgreens opposes certification of the interlocutory appeal. Walgreens argues that: the application is untimely; the State has not shown that the benefits of interlocutory review outweigh the costs; and the State's application fails to satisfy Rule 42(b)(iii).

(5) The Court finds that its decision determines a substantial issue of material importance;[2] involves a question of law resolved for the first time in Delaware;[3] and relates to statutory construction.[4] The Court does not find that there is a conflict between trial courts requiring interlocutory review.[5] Rather, the finding that the Affidavit of Merit was insufficient addresses a narrow issue not previously considered in other decisions, primarily because in a typical medical negligence

---

[2]Supr. Ct. R. 42(b)(i).

[3]Supr. Ct. R. 42(b)(iii)(A).

[4]Supr. Ct. R. 42(b)(iii)(C).

[5]Supr. Ct. R. 42(b)(iii)(B).

case, the complaint clearly states the identity of the allegedly injured individual patient.

(6) The Court finds that interlocutory review in this case will not substantially reduce further litigation and otherwise serve considerations of justice.[6] There is presently pending another motion filed by the State, pursuant to Rule 54(b), challenging the Court's previous ruling that the State may only proceed against Walgreens through a health-care negligence claim. Additionally, the State has filed a Supplemental Affidavit of Merit. The Court has not yet had an opportunity to review the Supplemental Affidavit for sufficiency.

**THEREFORE,** the State has failed to demonstrate: that the likely benefits of interlocutory review at this time are not outweighed by the probable costs; and that interlocutory review is in the interests of justice.[7] The Application for Certification of an Interlocutory Appeal is hereby **DENIED.**

**IT IS SO ORDERED.**

_____
The Honorable Mary M. Johnston

---

[6]*See* Supr. Ct. R. 42(b)(iii).

[7]Supr. Ct. R. 42(b)((iii)(H).