# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

FERRELLGAS PARTNERS )
    L.P., *et al.,* )
                 )
    Plaintiffs, )
                 )
    v. )     C.A. No. N19C-05-275 MMJ CCLD
                 )
ZURICH AMERICAN INSURANCE )
    COMPANY and BEAZLEY )
    INSURANCE COMPANY, )
                 )
    Defendants. )

Submitted : February 13, 2020
Decided:  February 17, 2020

## ORDER DENYING LEAVE TO APPEAL FROM INTERLOCUTORY ORDER

(1)    Defendant Beazley Insurance Company has moved for an order certifying an interlocutory appeal to the Delaware Supreme Court. The determination of whether to certify an interlocutory appeal lies within the discretion of the Court and is analyzed under the criteria set forth in Supreme Court Rule 42(b).[1] An interlocutory appeal will not be certified unless the Court finds that its decision: (1) determines a substantial issue; (2) establishes a legal right; and (3) satisfies one

---

[1] *See, e.g., Tortuga Cas. Co. v. Nat'l Fire Ins. Co. of Pittsburgh,* 1991 WL 247813, at *2 (Del.); *State v. Superior Court,* 141 A.2d 468, 471 (Del. 1968).

1

of the five criteria set forth in Rule 42(b)(i)-(v). Under Rule 42(b)(i), the Court may look to the criteria established by Rule 41.

(2)    In this action, Plaintiffs seek a declaratory judgment that each Defendant must advance defense costs pursuant to insurance policies issued by each Defendant. The parties filed cross-motions for partial summary judgment on the issue of advancement of defense costs.

(3)    By Opinion dated January 21, 2020, this Court held:

> The Court finds that the Run-Off Exclusion applies to the Transfer Acts alleged in the Eddystone Litigation. Additionally, the Eddystone Litigation did not pursue a Claim for the Inducement Acts. Thus, the Eddystone Litigation is excluded from the Zurich Policy coverage. Therefore, Zurich's Motion for Summary Judgment is hereby **GRANTED**, Count I is dismissed, and Plaintiffs' Motion for Partial Summary Judgment on Count I, duty to advance defense costs, is hereby **DENIED.**
>
> The Court finds that the Retroactive Date Exclusion applies to claims *solely* with respect to Bridger Logistics. The Court also finds that the Retroactive Date Exclusion clearly and unambiguously excludes "solely with respect to Bridger Logistics...any Wrongful Act actually or allegedly committed or any conduct actually or allegedly undertaken prior to June 21, 2015."[1] Therefore, coverage applies to the alleged "Wrongful Acts" and any "Interrelated Wrongful Acts" committed on or after June 21, 2015 by Rios and Gamboa in their concurrent capacity as FG officers. Beazley's Motion for Summary Judgment is hereby **DENIED** and Plaintiffs' Motion for Partial

---

[2] Jones Aff., Ex. 1, Beazley Policy, Endorsement #14, C.5.

2

Summary Judgment on Count II, advancement and reimbursement of defense costs pursuant to the Beazley Policy, is hereby **GRANTED.**

(4) Beazley argues that interlocutory appeal pursuant to Supreme Court Rule 42(b) is necessary because if Beazley is required to fund "extraordinary defense costs at this juncture, it is possible (if not likely) that Beazley will not be able to recoup them later even if it secures reversal...." Beazley relies on the Form 10-K filed by Ferrellgas in October 2019, stating that "Ferrellgas disclosed that its auditor believes uncertainty about its financial condition 'raises substantial doubt about it[]s ability to continue as a going concern.'" Additionally, Beazley argues that the opinion determines a substantial issue of material importance under Rule 42(b)(I); and satisfies at least 2 of the 8 criteria under Rule 42(b)(iii) - termination of the litigation and no delay in litigation. Beazley also asserts irreparable harm, and considerations of justice - including implications for the insurance industry as a whole.

(5) Ferrellgas opposes certification of the interlocutory appeal. Ferrellgas contends that none of Beazley's arguments establish an "exceptional case" within the meaning of Rule 42.[2] Beazley's assertion that it may not be able to recoup

---

[3] Supr. Ct. R. 424(b)(ii) ("Interlocutory appeals should be exceptional, not routine....").

advanced defense costs is no different than the situation every insurer experiences when an interlocutory order is entered interpreting an insurance contract as requiring such advancement. Further, Ferrellgas states that no Delaware precedent supports interlocutory appeal where a Court has determined that an insurer is required to advance costs, and the insurer has a right of recoupment.

(6)   The Court finds that the January 21, 2020 Opinion determines a substantial issue and establishes a legal rights.[3] However, interlocutory review in this case will not substantially reduce further litigation and otherwise serve considerations of justice.[4] Other disputes remain among the parties in this action. This Court is not persuaded that the Opinion constitutes "perverse precedent" having "implications for the insurance industry as a whole...." The Court interpreted specific policy provisions and issued a narrow ruling. The interests of justice weigh in favor of Beazley providing defense costs in the ongoing underlying litigation.

**THEREFORE,** Beazley has failed to demonstrate that Delaware Supreme Court Rule 42(b) requires that the Court exercise its discretion to certify interlocutory appeal. The Application for Certification of an Interlocutory Appeal is hereby **DENIED.**

---

[4] Supr. Ct. R. 42(b).

[5] *See* Supr. Ct. R. 42(b)(iii).

4

**IT IS SO ORDERED.**

_____
The Honorable Mary M. Johnston