# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| FIRMENICH INCORPORATED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. N19C-01-320 MMJ [CCLD] |
| v. | ) | |
| | ) | |
| NATURAL FLAVORS, INC., HARRIS | ) | |
| STEIN, HEBERT STEIN, JASON | ) | |
| STEIN, JOCELYN MANSHIP, and | ) | |
| JULIE WEISMAN, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted : April 30, 2020
Decided:  May 6, 2020

## ORDER DENYING LEAVE TO APPEAL
## FROM INTERLOCUTORY ORDER

(1)     Defendants have moved for an order certifying an interlocutory appeal to the Delaware Supreme Court. The determination of whether to certify an interlocutory appeal lies within the discretion of the Court and is analyzed under the criteria set forth in Supreme Court Rule 42(b).[1]  An interlocutory appeal will not be certified unless the Court finds that its decision: (1) determines a substantial issue; (2) establishes a legal right; and (3) satisfies one of the five criteria set forth in Rule

---

[1] *See, e.g., Tortuga Cas. Co. v. Nat'l Fire Ins. Co. of Pittsburgh*, 1991 WL 247813, at *2 (Del.); *State v. Superior Court*, 141 A.2d 468, 471 (Del. 1968).

1

42(b)(i)-(v). Under Rule 42(b)(i), the Court may look to the criteria established by Rule 41.

(2) In this action, Plaintiff amended its Complaint to plead in the alternative: (1) fraud in the inducement; (2) unjust enrichment; and (3) breach of contract. In addition to damages for breach of contract, Plaintiff now seeks rescissory damages for its fraud claim

(3) By Opinion dated April 7, 2020, this Court held:

> Under the facts pled in this case, the Court finds that Firmenich's Amended Complaint for rescissory damages sufficiently distinguishes the breach of contract claim from the fraudulent inducement claim. It does not appear to the Court to matter whether the difference in damages is based on the actual method of calculation, or whether the difference in actual recoverable damages constitutes a legal distinction. The Court finds that the fraud and contract claims alleged in this case may proceed in a parallel manner.
>
> **THEREFORE**, Natural Flavors' Motion to Dismiss Count I – Fraud is hereby **DENIED**.
>
> **IT IS SO ORDERED.**

(4) Defendants' Application for Certification of an Interlocutory Appeal argues that the "mere request" for rescissory damages in the Complaint is not enough to overcome the bar against duplicative damages. Defendants submit that this is a "novel question of law that not only relates to a substantial issue of material

2

importance in this action, but also affects the fraud claims asserted by other litigants across Delaware's dockets."  Additionally, interlocutory review will significantly affect the scope of liability and discovery and "set the framework" for a potential settlement.

(5)    Plaintiff opposes certification of the interlocutory appeal.  Plaintiff contends that the Court did not decide an issue of material importance or a novel question of law.  Further, permitting the fraud and contract claims to proceed in a parallel manner will be consistent with considerations of justice, and dismissal of the fraud claim will not establish a basis for termination of the litigation.

(6)    The Court finds that the April 7, 2020 Opinion determines a substantial issue and establishes a legal right.[2]  Additionally, the trial courts appear to be in conflict on the question of law.[3]  In its previous Opinion dated October 29, 2019, the Court held that a fraud carve-out provision in the relevant asset purchase agreement permits Plaintiff to pursue fraud claims and that the claims in the Complaint withstood the bootstrapping bar.  However, the fraud claims were dismissed pursuant to the duplicative damages bar.  Plaintiff amended its Complaint to add a request for rescissory damages.  The Court examined the legal precedent on

---

[2] Supr. Ct. R. 42(b).
[3] Supr. Ct. R. 42(b)(iii)(B).

3

the narrow issue of whether the addition of rescissory damages distinguishes fraud damages from contract damages. The Court was unable to construct a seamless trail of legal analysis on this issue. The Court held that the rescissory damages were sufficiently distinguishable from the breach of contract damages so that the claims could proceed in a parallel manner.

(7) Nevertheless, the Court cannot find that review of the interlocutory order may terminate the litigation[4] or otherwise serve consideration of justice[5]. Permitting Plaintiff's fraud and breach of contract claims to proceed in parallel is a decision on a procedural issue for purposes of discovery and case management. It appears to the Court that alleged breaches of the representations and warranties are at the heart of both the contract and fraud claims. Therefore, there should be no meaningful difference in discovery or the evidence presented at trial. Although contract damages are capped by the agreement, Plaintiff disputes that dismissal of fraud claim will form the basis for settlement of the litigation.

**THEREFORE,** Defendants have failed to demonstrate that Delaware Supreme Court Rule 42(b) requires that the Court exercise its discretion to certify

---

[4] Supr. Ct. R. 42(b)(iii)(G).
[5] Supr. Ct. R. 42(b)(iii)(H).

4

interlocutory appeal.  The Application for Certification of an Interlocutory Appeal

is hereby **DENIED.**

**IT IS SO ORDERED.**

*Mary M. Johnston*
The Honorable Mary M. Johnston