# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANDREW M. FERRARI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N17C-04-270 MMJ |
| HELMSMAN MANAGEMENT | ) | |
| SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Submitted: August 5, 2020
Decided: August 19, 2020

## ORDER DENYING LEAVE TO APPEAL
## FROM INTERLOCUTORY ORDER

John S. Spadaro, Esq., John Sheehan Spadaro, LLC, Smyrna, Delaware, *Attorneys for Plaintiff*

Timothy J. O'Driscoll, Esq., Frederick P. Marczyk, Esq., Faegre, Drinker, Biddle & Reathe, LLP, Philadelphia, Pennsylvania, Joseph C. Schoell, Esq., Faegre, Drinker, Biddle & Reathe, LLP, Wilmington, Delaware, *Attorneys for Defendant*

**JOHNSTON, J.**

(1)     Defendant Helmsman Management Services, LLC has moved for an order certifying an interlocutory appeal to the Delaware Supreme Court. The determination of whether to certify an interlocutory appeal lies within the discretion of the Court and is analyzed under the criteria set forth in Supreme

1

Court Rule 42(b).[1] An interlocutory appeal will not be certified unless the Court finds that its decision: (1) determines a substantial issue; (2) establishes a legal right; and (3) satisfies one of the five criteria set forth in Rule 42(b)(i)–(v). Under Rule 42(b)(i), the Court may look to the criteria established by Rule 41.

(2)     In this action Plaintiff raises claims for bad faith delay and denial of workers' compensation benefits and intentional infliction of emotional distress ("IIED"). Defendant moved for summary judgment.

(3)     By Opinion dated June 23, 2020 (the "June 23 Opinion"), this Court held:

> On the narrow issue of whether a plaintiff may sue a TPA for breach of the duty of good faith and fair dealing arising from a workers' compensation contract, there is no contradictory authority. The cases Defendant relies upon are distinguishable. Plaintiff's bad faith claim against Helmsman does not fail as a matter of law on the basis that a TPA is not a party to the insurance contract.
>
> The Court also finds The Court also finds that there are genuine issues of material fact regarding whether Helmsman acted reasonably as a TPA in investigating and initially denying Plaintiff's claim. The Court finds that plaintiff has established a *prima facie* case sufficient to survive summary judgment on the issues of bad faith and punitive damages. **THEREFORE**, Defendant's Motion for Summary Judgment is hereby **DENIED**.[2]

---

[1] *See, e.g., Tortuga Cas. Co. v. Nat'l Fire Ins. Co. of Pittsburgh*, 1991 WL 247813, at *2 (Del.); *State v. Superior Court*, 141 A.2d 468, 471 (Del. 1968).
[2] *Ferrari v. Helmsman Management Services, LLC*, 2020 WL 3444106 at *8 (Del. Super.).

(4)     Defendant timely filed a motion for reargument on the Motion for Summary Judgment, which this Court denied in an Order dated July 21, 2020.

(5)     Defendant's Application for Certification of an Interlocutory Appeal argues that certification is appropriate because the June 23 Opinion decided a substantial issue of material importance regarding the merits of the case, not collateral matters.  Defendant argues that the decisions of the trial court are conflicting upon a question of law: whether a third-party claims administrator ("TPA") may be held liable for bad-faith breach of an insurance contract to which it is not a party.  Defendant further argues that review of the June 23 Opinion would terminate litigation and may serve considerations of justice.

(6)     Plaintiff opposes certification of the interlocutory appeal. Plaintiff does not argue that the June 23 Opinion did not decide a substantial issue of material importance.  Plaintiff contends that the June 23 Opinion does not conflict with other decisions of this Court.  Plaintiff further argues that review of the June 23 Opinion would not terminate litigation nor serve considerations of justice.

(7)     The Court finds that there is no conflicting law regarding whether a TPA may be held liable for bad-faith breach of an insurance contract to which it is not a party.  Defendant's Application for Certification of an Interlocutory Appeal relies on two cases: *Colbert v. Goodville Mutual Casualty Company*,[3] and

---

[3] 2010 WL 2636860 (Del. Super.).

*Lipchock v. New Castle County*.[4] This Court distinguished those cases in its June 23 Opinion, explaining:

> *Colbert* and *Lipchock* are distinguishable from the instant case. Both *Colbert* and *Lipchock* specifically addressed PIP benefits, not workers' compensation. There are different public policy considerations for each of these types of cases. Plaintiff asserts that, "while an injured motorist may recover from the at-fault driver whatever she cannot recover through PIP, workers' compensation is an injured worker's sole remedy. It is thus crucial that the injured worker be able to hold to account any entity that voluntarily takes control of the worker's financial and medical fate...."
>
> The Court need not engage in further analysis on this issue. The Court finds that *Thomas* controls. On this narrow issue of whether a plaintiff may sue a TPA for breach of the duty of good faith and fair dealing arising from a workers' compensation contract, there is no contradictory Delaware authority. The cases Defendant relies upon are distinguishable.[5]

(8) The Court further finds that interlocutory review would not terminate the litigation. In its June 23 Opinion, the Court refrained from addressing several of Plaintiff's alternative arguments obviated by the Court's decision to follow *Thomas v. Harford Mutual Insurance Company*.[6] Plaintiff had argued in the alternative that Defendant: (1) was liable based on failure to disclose the principal for whom it acted; (2) was liable because it repeatedly identified the wrong principal; (3) waived the right to assert its "TPA Liability" defense; (4) was liable

---

[4] 2013 WL 4674855 (Del. Super.).
[5] *Ferrari v. Helmsman Management Services, LLC*, 2020 WL 3444106 at *12 (citing *Thomas v. Harford Mut. Ins. Co.*, 2003 WL 21742143 (Del. Super.) (footnotes omitted)).
[6] 2003 WL 21742143.

for aiding and abetting bad faith; and (5) was liable as a joint venturer.[7] Thus, even if interlocutory review were granted, and Defendant prevailed, the likely result would be a remand to this Court for decision on the remaining alternative arguments.

(9)     The Court also finds that interlocutory review would not serve considerations of justice. The Court's holding that Defendant can be liable for breach of a contract as a TPA is not, as Defendant characterizes it, a "significant departure" from the principle of contract law that "only a party to a contract may be sued for breach of that contract."[8] Further, this Court imposed TPA liability nearly two decades ago in *Thomas*.[9] Thus, any ramifications of such a legal imposition would have already impacted the field of workers' compensation.

---

[7] Transaction I.D. 65633628 at 9–14.
[8] *Gotham Partners, L.P. v. Hallwood Realty Partners, L.P.*, 817 A.2d 160, 172 (Del. 2002).
[9] 2003 WL 21742143, at *2.

**THEREFORE,** Defendant has failed to demonstrate that Delaware Supreme Court Rule 42(b) requires that the Court exercise its discretion to certify interlocutory appeal. The Application for Certification of Interlocutory Appeal is hereby **DENIED.**

**IT IS SO ORDERED.**

The Hon. Mary M. Johnston