JARMAR ROANE, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 641, 2007.
Supreme Court of Delaware.
Submitted: September 22, 2008.
Decided: December 5, 2008.
Before BERGER, JACOBS and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice.
This 5th day of December 2008, upon consideration of the appellant's brief filed pursuant to Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:
(1) The appellant, Jarmar Roane, was charged with two counts of Criminal Mischief, two counts of Reckless Endangering in the First Degree, and one count each of Possession of a Deadly Weapon by a Person Prohibited and Possession of a Firearm During the Commission of a Felony. A Superior Court jury convicted Roane as charged. On November 9, 2007, the Superior Court sentenced Roane to a total of twelve years and two months at Level V suspended after nine years for two years of work release and probation. This appeal followed.
(3) On appeal, Roane's defense counsel ("Counsel") has filed a brief and a motion to withdraw pursuant to Rule 26(c). The standard and scope of review of a motion to withdraw and an accompanying brief under Rule 26(c) is two-fold. First, the Court must be satisfied that Counsel has made a conscientious examination of the record and the law for claims that could arguably support the appeal.[1] Second, the Court must conduct its own review of the record and determine whether the appeal is so devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[2]
(4) Counsel asserts that, based upon a careful and complete examination of the record, there are no arguably appealable issues. Counsel states that he provided Roane with a copy of the motion to withdraw, the accompanying brief and the trial transcript and advised Roane that he had a right to supplement Counsel's presentation. Roane did not submit any points for this Court's consideration. The State has responded to the position taken by Counsel and has moved to affirm the Superior Court's judgment. The State has also challenged the jurisdictional basis to appeal Roane's dual Criminal Mischief convictions.
(5) This Court's appellate jurisdiction is limited to cases "in which the sentence shall be death, imprisonment exceeding one month, or fine exceeding One Hundred Dollars."[3] Roane's thirty-day suspended sentence of incarceration for each count of Criminal Mischief does not exceed the one month of imprisonment that is required to invoke this Court's direct appellate jurisdiction in a criminal proceeding. Consequently. as to the Criminal Mischief convictions, Roane has failed to invoke the appellate jurisdiction of this Court.[4] The appeal as to those convictions must be dismissed.
(6) Moreover, this Court has reviewed the record carefully and has concluded that Roane's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Roane could not raise a meritorious claim in this appeal.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.
NOTES
[1] Penson v. Ohio, 488 U.S. 75, 83 (1988); McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988); Anders v. California, 386 U.S. 738, 744 (1967).
[2] Id.
[3] Del. Const. art. IV, § 11(1)(b).
[4] Walt v. State, 727 A.2d 836 (Del. 1999). Compare Weaver v. State, 779 A.2d 254, 259 (Del. 2001) (recognizing right of appeal where sentence of imprisonment exceeding one month is suspended for probation).