IN THE SUPREME COURT OF THE STATE OF DELAWARE

WARDELL GILES, §
§ No. 6, 2017
Defendant Below, §
Appellant, § Court Below–Superior Court of the
§ State of Delaware
v. §
§ Cr. ID No. 0707010864
STATE OF DELAWARE, §
§
Plaintiff Below, §
Appellee. §

Submitted: August 11, 2017
Decided: October 25, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **SEITZ**, Justices.

## **O R D E R**

This 25th day of October 2017, upon consideration of the parties' briefs and the Superior Court record, it appears to the Court that:

(1) In a Superior Court criminal case in 2007, the appellant, Wardell Giles, pled guilty to robbery in the second degree and was sentenced to five years of Level V incarceration immediately suspended for six months of Level IV work release or home confinement followed by three years and six months of Level III probation. This appeal is from Giles' adjudication of guilt and sentencing in 2016 on his sixth violation of probation ("VOP").

(2) The VOP charge against Giles arose from an incident at the Sussex Community Corrections Center ("SCCC") in Georgetown. The SCCC facility

houses several correctional programs, including the Sussex VOP Center and the Sussex Work Release Center. Giles was transferred to the VOP Center in April 2016 to serve the sentence imposed on his fifth VOP.

(3)    Giles was assigned to the kitchen work crew at the SCCC and was working with the crew at the Work Release Center on the morning of August 25, 2016. Giles' duties that morning included reaching through a partially-opened window to retrieve food trays. Correctional Officer Michael Megee was supervising the inmates in the Work Release Center and was standing a few feet away from the window when he observed someone reach through the window and grab the wrist of an inmate, Jennifer Moore, as she returned her tray. Officer Megee immediately opened the window to confront the person, who turned out to be Giles. Office Megee removed Giles to the holding cell at the Work Release Center. Upon questioning by Officer Megee, Giles denied that he touched Moore. Officer Megee then transferred Giles to the sanction pod at the VOP Center.

(4)    As a result of the incident on August 25, 2016, Giles was terminated from the kitchen crew and was charged with three VOP Center program violations: lying to staff, termination of employment, and inappropriate touching of the opposite sex. The violations were heard by the SCCC VOP Center Multi-Disciplinary Team ("MDT") on August 30, 2016, and on September 6, 2016, the MDT recommended that Giles should be returned to a higher level of security and charged with a VOP.

2

After the MDT's recommendation was approved by the head of the SCCC, Amber Welch, a Senior Probation Officer at the VOP Center, filed an administrative warrant on September 8 2016, and a violation report on September 12, 2016.

(5)     The administrative warrant and violation report alleged that Giles had violated Condition #3 of his supervision by failing to "abide by all the rules and regulations of the county community correction center and/or the residential treatment program as described in the orientation manual." In support of the alleged violation of Condition #3, the warrant and report described the factual circumstances of the August 25, 2016 incident involving Giles, the alleged program violations that followed, Giles' appearance before the MDT, and the MDT's recommendation. Moreover, both the warrant and the report charged that "Giles' behavior demonstrates failure to comply with [Condition #3] and with the Rules and Regulations of Sussex Community Corrections Center, which [Giles] signed for and acknowledged receipt of on [April 27, 2016]."

(6)     The Superior Court held a contested VOP hearing on October 14, 2016. The evidence against Giles included the testimony of Officer Megee and Officer Welch, a video recording of the incident on August 25, 2016—namely, Giles' alleged improper contact with Moore at the tray return window, and Giles' signed receipt acknowledging that he received the SCCC orientation manual on April 27, 2016. Officer Welch testified that the orientation manual included the rules and

regulations of the VOP Center.  Giles' defense counsel cross-examined both Officers Megee and Welch, presented the direct testimony of Giles, and submitted two letters that Moore allegedly kited to Giles, one during the incident on August 25, 2016, and the other after that date.  Giles testified that he and Moore were friends and frequently kited letters to each other.  According to Giles, he would pass letters to Moore at dinner between slices of bread, and Moore would pass letters to him at breakfast when returning her food tray.  Giles testified that his contact with Moore on August 25, 2016 occurred when she passed him the letter as she was returning her tray.  Giles testified that he did not tell Office Megee about the letter, because he did not want to get Moore into trouble.

(7)    At the conclusion of the hearing, the Superior Court found Giles guilty of VOP.  The court deferred sentencing and ordered a presentence report to get an accurate accounting of Giles' time-served credit and the amount of Level V time remaining on his sentence.[1]  On December 9, 2016, the Superior Court sentenced Giles to one year and eight days of Level V incarceration suspended after six months for six months of Level IV home confinement or work release.  This appeal followed.

---

[1] Hr'g Tr. at 77–81 (Oct. 14, 2016).

4

(8)     Giles raises four claims on appeal.  He characterizes two claims as violations of due process, challenges the admissibility and sufficiency of the evidence against him at the VOP hearing, and argues that his counsel was ineffective.

(9)     Giles' ineffective counsel claim is not reviewable in this Court in the first instance.[2]  And, because Giles did not raise his due process claims in the Superior Court, he has waived review of those claims on appeal in the absence of plain error.[3]  Plain error is error so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the proceedings.[4]

(10)   Giles claims that he was not given adequate notice of the charge of VOP and the evidence against him because, at the hearing, the prosecution's evidence included the rules and regulations of the Work Release Center, which did not apply to him.  His claim is without merit.  Both the administrative warrant and the violation report provided Giles with written notice that he was charged with VOP as a result of the incident at the Work Release Center on August 25, 2016 when he allegedly inappropriately touched a female inmate, lied to Officer Megee, and was terminated from his kitchen crew job, in violation of the rules and regulations of the VOP

---

[2] *Smith v. State*, 2014 WL 5421251, at *2 (Del. Oct. 23, 2014) (citing *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994)).

[3] *Bungy v. State*, 2013 WL 5745871, at *2 (Del. Oct. 21, 2013) (citing *Kurzmann v. State*, 903 A.2d 702, 709, 719 (Del. 2006)).

[4] *Id.* (citing *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986)).

Center, which were included in the SCCC orientation manual that Giles signed for and acknowledged receipt of on April 27, 2016.

(11) Giles claims that he was denied due process at sentencing because the presentence report ordered by the Superior Court was not prepared and that, without that report, the court was without the accounting it said it needed of the time-served credit to which Giles was entitled. On plain error review, Giles has not demonstrated that he was prejudiced by the lack of a presentence report. The Superior Court ordered the report, in its discretion, to get an accurate accounting of the time-served credit to which Giles was entitled and the length of Level V time remaining on his sentence. At the sentencing hearing, the court advised the parties that it had received the time-served credit calculation, and that Giles was entitled to 284 days of credit.[5] Neither Giles nor his counsel objected to the amount of time-served credit the court indicated would be applied to the impending VOP sentence, and Giles has not explained on appeal how that calculation was incorrect.

(12) In his third claim on appeal, Giles challenges the admissibility and sufficiency of the evidence at the VOP hearing. The claim is without merit. In a VOP proceeding, the prosecution must prove by a preponderance of the evidence that the defendant committed a violation of probation.[6] A preponderance of the

---

[5] Hr'g Tr. at 2 (Dec. 9, 2016).
[6] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006) (citing *Weaver v. State*, 779 A.2d 254, 259 (Del. 2001)).

6

evidence means "some competent evidence" to "reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation."[7]

(13)    The evidence against Giles included (i) the hearing testimony of Officer Megee and Officer Welch; (ii) the video recording of the August 25, 2016 incident; (iii) Giles' written acknowledgement that he received the SCCC orientation manual, which included the VOP Center rules and regulations, on April 27, 2016; (iv) Giles' admission that he lied to Officer Megee on August 25, 2016; and (v) Giles' admission that he had prohibited contact with Moore on August 25, 2016, when Moore used her food tray to kite a letter to Giles as part of their ongoing and mutual exchanging of notes.  Consequently, even assuming that the prosecution relied in error on the Work Release Center rules and regulations to supports its case against Giles, the record reflects the existence of other competent evidence that was sufficient to revoke Giles' probation.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*
Chief Justice

---

[7] *Id.* (quoting *Collins v. State*, 897 A.2d 159, 160 (Del. 2006)).

7