IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MATTHEW JONES, | § | |
| | § | No. 410, 2017 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—J.P Court No. 7 |
| | § | of the State of Delaware |
| DOVER POLICE DEPARTMENT, | § | in and for Kent County |
| | § | File No. 1705001842 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: October 12, 2017
Decided: December 1, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## O R D E R

This 1st day of December 2017, upon consideration of the notice to show cause and the appellant's response thereto, it appears to the Court that:

(1) On October 5, 2017, the Court received appellant Matthew Jones' notice of appeal, purporting to appeal from a judgment of guilt entered by the Justice of the Peace Court on September 6, 2017. The same day, the Senior Court Clerk issued a notice to Jones directing him to show cause why his appeal should not be dismissed given the Supreme Court's lack of jurisdiction to hear an appeal directly from the Justice of the Peace Court.

(2) Jones filed a response to the notice to show cause on October 12, 2017. Although it is not entirely clear, it appears that Dover Police issued a

traffic citation to Jones for failing to stop at a stop sign. Jones asserts that he was found guilty by the Justice of the Peace Court on September 6, 2017 and was forced to pay $119.50 before he could leave the court. Jones asserts that he attempted to appeal to the Court of Common Pleas on September 9, 2017 but that a clerk refused to accept his appeal. Jones contends that he then tried to file an appeal in the Superior Court on September 22, 2017 and again on September 25, 2017, but that his appeals have been ignored. Jones contends that he filed a notice of appeal with this Court in order to avoid being time-barred.

(3)     Jones attaches several documents to his response to the notice to show cause. He contends that his documents show that the Court of Common Pleas and the Superior Court have refused to accept his appeal. We disagree with that assertion. At most, Jones' various attachments show that he drafted documents purporting to appeal from the Justice of the Peace Court judgment. There is no documentation substantiating Jones' claim that his appeals were refused.

(4)     Moreover, we note that under 21 *Del. C.* § 708, a right to appeal to the Court of Common Pleas from a traffic violation only exists in cases involving the imposition of a sentence of imprisonment or a fine exceeding

$100.[1]  Although Jones attaches a receipt showing that he paid $119.50 to the Justice of the Peace Court, that receipt is not proof that his fine for running a stop sign exceeded $100.  As this Court has held, the amount of the fine for determining the minimum jurisdictional amount does *not* include assessments and costs that are compensatory in nature.[2]  Thus, assessments for the Victims' Compensation Fund and court costs, for example, are excluded from the calculation when determining whether a fine meets the jurisdictional threshold.  Thus, although we cannot determine it from this record, it seems likely that Jones failed to meet the jurisdictional threshold to appeal to the Court of Common Pleas from the Justice of the Peace Court in this case.

(5)     Even if Jones' fine met the minimum threshold to appeal to the Court of Common Pleas, *this* Court has no jurisdiction to consider his appeal directly from the Justice of the Peace Court.[3]  Thus, Jones' appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED that the appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[1] 21 *Del. C.* § 708(b).
[2] *Weaver v. State*, 779 A.2d 254, 257 (Del. 2001).
[3] Del. Const. art. IV, § 11(1)(b).