# SUPERIOR COURT
## OF THE
## STATE OF DELAWARE

PAUL R. WALLACE
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0660

Date Submitted: April 22, 2020
Date Decided: July 15, 2020

Ms. Kellie A. Pulgini
SBI# 870940
Hazel D. Plant Women's Treatment Facility
620 Baylor Boulevard
New Castle, Delaware 19720

> RE:  *State v. Kellie A. Pulgini*
> ID No. 1712012254
> *Motion for Sentence Reduction*

Dear Ms. Pulgini:

The Court is in receipt of your recent request to reduce or modify your sentence. (D.I. 35).

In January 2019, you pleaded guilty at your final case review to one count of Theft of an Amount in Excess of $100,000 (Theft≥$100,000), a class B felony, and to two counts of Theft of an Amount in Excess of $50,000 (Theft≥$50,000), both class D felonies.[1]  You were sentenced several months later, on April 26, 2019, to serve: (1) for Theft ≥$100,000—25 years at Level V suspended after serving two years at Level V for one year of Level III supervised probation; (2) for Theft≥$50,000—eight years at Level V suspended in whole for concurrent Level III supervised probation; and (3) for Theft ≥$50,000—two years at Level V suspended in whole for another term of

---

[1]  Plea Agreement and TIS Guilty Plea Form, *State v. Kellie A. Pulgini*, I.D. No. 1712012254 (Del. Super. Ct. Jan. 7, 2019) (D.I. 19).

concurrent Level III supervised probation.[2]    The two years of unsuspended imprisonment comprise a minimum term of incarceration that must be imposed and cannot be suspended.[3]  Because the Court revoked bail upon the entry of your plea,[4] the effective date of your sentence is January 7, 2019.[5]

You have now filed a motion seeking sentence reduction or modification.[6] You report that you are now "at level 4 work release" and ask "for a modification of sentence . . . for Level 4 Home Confinement or time served with level 3 probation."[7] You suggest that your proposed sentence reduction is appropriate because of your good behavior while incarcerated and the difficulties you claim the coronavirus has caused for those housed in work release centers.[8]

"When addressing a sentence modification request, the Court first identifies the specific procedural mechanism the inmate attempts to invoke; it must then determine

---

[2]   Sentence Order, *State v. Kellie A. Pulgini*, I.D. No. 1712012254 (Del. Super. Ct. Apr. 26, 2019) (D.I. 22).

[3]   DEL. CODE ANN. tit. 11, § 841(c)(3) (2016) (Theft≥$100,000 is a class B felony); *id.* at tit. 11, §§ 4205(b)(2) & (d) (sentence "[f]or a class B felony [is] not less than 2 years . . . [and any] minimum, mandatory, mandatory minimum or minimum mandatory sentence [ ] required by subsection (b) of [§ 4205] . . . shall not be subject to suspension by the court").

[4]   D.I. 20.

[5]   *See* D.I. 22.

[6]   Def.'s Sent. Red. Mot., *State v. Kellie A. Pulgini*, I.D. No. 1712012254 (Del. Super. Ct. Apr. 22, 2020) (D.I. 35).

[7]   *Id.*

[8]   *Id.*

whether that mechanism is available under the circumstances."[9]  The relief you seek is governed by this Court's Criminal Rule 35(b).[10]  The Court may, therefore, consider your request "without presentation, hearing or argument."[11]  The Court will decide your motion on the papers filed and the complete record in your case.

Rule 35 provides for varying forms of relief to those at varying levels of correctional supervision.[12]  And those several forms of relief are subject to differing procedural bars and exceptions.[13]  When considering such applications for sentence reduction, this Court first addresses any applicable procedural bars before turning to the merits.[14]  You do not address any potential bars (or any potential exceptions thereto) applicable to your Rule 35(b) motion.  The Court must.  And to do so, the Court must first identify which specific term of your sentence you are serving.

---

[9]  *State v. Tollis*, 126 A.3d 1117, 1119 (Del. Super. Ct. 2016). *See e.g., State v. Culp*, 152 A.3d 141 (Del. 2016) (Delaware Supreme Court examines the several sources of authority a trial court might have—but that were then inapplicable or unavailable—when the trial court reduced sentence); *see also State v. Redden*, 111 A.3d 602, 606 (Del. Super. Ct. 2015) (When considering requests for sentence modification, "this Court addresses any applicable procedural bars before turning to the merits.").

[10]  *Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

[11]  Super. Ct. Crim. R. 35(b).

[12]  *Id.* (providing that, under certain conditions, the Court may reduce a sentence of imprisonment on an inmate's motion; providing also that the Court may reduce a term or the conditions of partial confinement or probation).

[13]  *See e.g., Teat v. State*, 2011 WL 4839042, at *1 (Del. Oct. 12, 2011) (finding this Court erred in holding that Rule 35(b) motion for modification of a Level IV term was subject to the ninety-day period applicable only to motions to reduce terms of imprisonment).

[14]  *Redden*, 111 A.3d at 606.

As mentioned before, you wrote that you are currently at the Hazel D. Plant Women's Treatment Facility—a Level IV work release center. But how can that be? The Court's sentence included no Level IV term and you have been imprisoned for just over 18 months of a mandatory two-year Level V term. It is because, as the Department of Correction (or DOC) has reported, you are currently housed at a Level IV work release center under the provisions of 11 *Del. C.* § 4205(h).

Under § 4205(h), the DOC, in exercising its control over those sentenced, "may house Level V inmates at a Level IV work release center or halfway house during the last 180 days of their sentence."[15] "The levels of sentencing are distinguished by the amount of control the Department of Correction exercises over a convicted offender."[16] The defining characteristic of a Level V sentence is that Level V time involves "the commitment of the offender to the Department of Correction for a period of incarceration."[17] For the most part, that means classification and placement of a Level V inmate in one of Delaware's prisons.

But it is the commitment by the sentencing court and the statutorily defined control exercised by the DOC—not just the actual circumstances of an inmate's housing—that comprises Level V accountability. And housing a Level V inmate in a Level IV facility neither changes the commitment ordered by the sentencing Court nor modifies that inmate's sentence in anyway. Indeed, it cannot.

---

[15] DEL. CODE ANN. tit. 11, § 4205(h) (2016).

[16] *Weaver v. State*, 779 A.2d 254, 257-58 (Del. 2001).

[17] *Id.* (quoting 11 *Del. C.* § 4204(c)(5)).

As § 4205(h) clearly states, during that last 180 days of a Level V term the DOC *"may house [a] Level V inmate[]* at a Level IV work release center."[18] This statute merely provides the DOC a bit more classification and housing authority than it otherwise has over some Level V inmates; it does not grant DOC sentence reduction or modification power. In fact, when the DOC exercises its § 4205(h) discretion, it does not change a single term of the sentence. Put simply, § 4205(h) grants the DOC limited discretion to house one who otherwise should be in a prison setting during the last 180 days of her sentence in a work release or halfway house facility instead. It does not convert that last 180 days to a Level IV term. So you are currently a Level V inmate still serving your Level V term; you've just received the benefit of more favorable housing to complete the final 180 days of that Level V term.

Why do these distinctions matter? Two reasons. First, they mean that Rule 35(b)'s rules, bars, and exceptions governing a motion to reduce a sentence of imprisonment are applicable here. And second, they ensure that your sentence remains legal.

"Rule 35(b) requires that an application to reduce imprisonment be filed promptly—i.e. within 90 days of the sentence's imposition—'otherwise, the Court loses jurisdiction' to act thereon."[19] An exception to this bar exists: to overcome the 90-day time limitation, an inmate seeking to reduce a sentence of imprisonment on his or her own motion must demonstrate "extraordinary circumstances."[20] A heavy burden

---

[18] DEL. CODE ANN. tit. 11, § 4205(h) (2016) (emphasis added).

[19] *Redden,* 111 A.3d at 607 (internal citations omitted).

[20] *Sample v. State,* 2012 WL 193761, at *1 (Del. Jan. 23, 2012) ("Under Rule 35(b), the Superior Court *only* has discretion to reduce a sentence upon motion made within 90 days of the imposition of sentence, *unless* 'extraordinary circumstances' are shown.") (emphasis added).

is placed on the inmate to establish "extraordinary circumstances" in order to uphold the finality of sentences.[21]

The term "extraordinary circumstances" is generally defined as "[a] highly unusual set of facts that are not commonly associated with a particular thing or event."[22] "And for the purposes of Rule 35(b), 'extraordinary circumstances' have been found only 'when an offender faces some genuinely compelling change in circumstances that makes a resentencing urgent.'"[23] In short, Rule 35(b) is a rule limited to reconsideration and altering of a sentence after the 90-day motion deadline "only when there is a truly compelling change in that inmate's individual circumstances that presents an urgent need for revision of the sentence's terms."[24]

You filed this motion almost a year after you were sentenced. But your reasons for relief—rehabilitative efforts and currently limited work release opportunities—are inadequate to shoulder the heavy burden placed on one to establish "extraordinary circumstances" under Rule 35(b).[25]

---

[21] *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015) ("In order to uphold the finality of judgments, a heavy burden is placed on the defendant to prove extraordinary circumstances when a Rule 35 motion is filed outside of ninety days of the imposition of a sentence.").

[22] *Diaz*, 2015 WL 1741768, at *2 (citing BLACK'S LAW DICTIONARY (10th ed. 2014)); *id.* (Observing also that, in the Rule 35(b) context, "'extraordinary circumstances' are those which 'specifically justify the delay;' are 'entirely beyond a petitioner's control;' and 'have prevented the applicant from seeking the remedy on a timely basis.'"); *State v. Remedio*, 108 A.3d 326, 332 (Del. Super. Ct. 2014).

[23] *State v. Thomas*, 220 A.3d 257, 262 (Del. Super. Ct. 2019) (quoting *Fountain v. State*, 139 A.3d 837, 842 n.20 (Del. 2016)).

[24] *Id.*

[25] *See State v. Culp*, 152 A.3d 141, 145-46 (Del. 2016) (collecting cases) (participation in educational and rehabilitative programs does not constitute "extraordinary circumstances" for purposes Rule 35(b)); *Redden*, 111 A.3d at 607-08.

But even were Rule 35(b)'s time bar inapplicable here, the Court has no authority to reduce or suspend the mandatory portion of any substantive statutory minimum sentence.[26] Again, you are still serving the two-year term of imprisonment for your Theft ≥$100,000 conviction. And again, that is the minimum term of incarceration that is required and cannot be suspended or reduced.[27] Your requested reduction would violate that two-year minimum required by 11 *Del. C.* §§ 841(c)(3), 4205(b)(2) and 4205(d). That the Court cannot do.[28]

**NOW, THEREFORE, IT IS ORDERED** that your motion for reduction or modification of sentence must be **DENIED** because it is both time-barred and seeks relief that is statutorily prohibited.

Paul R. Wallace, Judge

cc: Prothonotary - Criminal
Joseph E. Gibbs-Tabler, Esquire
Patrick J. Collins, Esquire

---

[26] *State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008) ("Superior Court Rule of Criminal Procedure 35(b) provides no authority for a reduction or suspension of the mandatory portion of a *substantive* statutory minimum sentence.") (emphasis in original).

[27] *See* n.3, *supra.*

[28] *See State v. Williams*, 2015 WL 757551, at *2 (Del. Super. Ct. Feb. 19, 2015) (Addressing a request to reduce a two-year minimum term imposed for a class B felony and holding "while the Court has wide discretion to reduce a sentence upon a timely Rule 35 application, the Court has no authority to reduce or suspend the mandatory portion of any substantive statutory minimum sentence.); *State v. McFarland*, 2020 WL 3564615, at *2 (Del. Super. Ct. July 1, 2020) ("[T]he Court has no authority to reduce or suspend the mandatory portion of any substantive minimum sentence."); *see also Kelly v. State*, 2019 WL 6048093, at *2 (Del. Nov. 14, 2019) ("To the extent Kelley seeks reduction of his [] sentence under Rule 35(b), the Superior Court cannot reduce the mandatory portion of Kelly's sentence.").