IN THE SUPREME COURT OF THE STATE OF DELAWARE

RONALD D. STOKELY, §
§
Defendant Below, § No. 385, 2021
Appellant, §
§ Court Below: Superior Court
v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. I.D. No. 0604012963 (K)
§
Plaintiff Below, §
Appellee. §
§

Submitted: December 13, 2021
Decided: December 16, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

# **O R D E R**

After consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1) On December 2, 2021, the appellant, Ronald D. Stokely, filed this appeal from a Superior Court order dated October 29, 2021 and docketed on November 1, 2021, that sentenced him for a violation of probation ("VOP"). A notice of appeal must be timely filed to invoke the Court's appellate jurisdiction.[1]

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989). Delaware Supreme Court Rule 6 provides that appeals must be filed within thirty days.

(2)     The Senior Court Clerk issued a notice directing Stokely to show cause why this appeal should not be dismissed as untimely filed.  In response to the notice to show cause, Stokely admits that he was informed of both his right to appeal from the VOP sentence order and that his VOP counsel would not file an appeal for him. He argues that his VOP counsel's failure to file an appeal in accordance with Supreme Court Rule 26(c) violates his constitutional right to counsel.

(3)     Timely filing of an appeal is a jurisdictional requirement.[2]  A notice of appeal must be received by the Court within the applicable time period to be effective.[3]  Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[4]

(4)     Because the failure to file a timely appeal in this case is not attributable to court-related personnel, the appeal must be dismissed.  Moreover, a "probationer has no absolute right to counsel at a VOP hearing or on appeal following a VOP adjudication,"[5] and an appellant's *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[6]

---

[2] *Id.*

[3] DEL. SUPR. CT. R. 10(a).

[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

[5] *Weaver v. State*, 779 A.2d 254, 259 (Del. 2001).

[6] *Paitsel v. State*, 2019 WL 1504155 (Del. Apr. 4, 2019) (citing *Smith v. State*, 47 A.3d 481 (Del. 2012)).

2

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:


*/s/Karen L. Valihura*
Justice