IN THE SUPREME COURT OF THE STATE OF DELAWARE

CONSTANCE EWING, § 
§ No. 245, 2022
Defendant Below, §
Appellant, §
§ Court Below–Superior Court
v. § of the State of Delaware
§
STATE OF DELAWARE, §
§ Cr. ID No. 1908000717 (K)
Appellee. §

Submitted: December 14, 2022
Decided: January 18, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>ORDER</u>

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) The appellant, Constance Ewing, filed this appeal from her sentencing for a violation of probation ("VOP"). The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Ewing's opening brief that her appeal is without merit. We agree and affirm.

(2) On February 25, 2020, Ewing pleaded guilty to one count of unauthorized use of a motor vehicle. The Superior Court immediately sentenced Ewing in accordance with the plea agreement to one year of incarceration, suspended

for six months of Level II probation. Ewing did not appeal her conviction or sentence.

(3) On August 14, 2020, the Superior Court found that Ewing had violated the terms of her probation and re-sentenced her to eleven months of incarceration, suspended for six months of Level III probation. In January 2021, Ewing's probation officer filed a VOP report alleging that Ewing had absconded from probation. On April 8, 2022, the Superior Court found that Ewing had violated the terms of her probation and re-sentenced her to eleven months of incarceration, suspended for one year of Level III probation.

(4) On May 5, 2022, Ewing's probation officer filed a VOP report, alleging that Ewing had violated the terms of her probation because she had (i) committed moving-motor-vehicle offenses, (ii) failed to report police contact, (iii) failed to report to her probation officer, and (iv) failed to report her change of address. On June 24, 2022, the Superior Court found that Ewing had violated the terms of her probation and re-sentenced her to eleven months of incarceration, suspended for eight months of Level IV supervision and the successful completion of a Level IV program (to be selected by the Department of Correction) followed by three months of Level III probation. This appeal followed.

(5) In her opening brief on appeal, Ewing argues that she should not have been charged with unauthorized use of a motor vehicle in the first place and that her

2

probation officer falsely testified that Ewing had failed to report a change of address.[1]  Ewing's claims are unavailing.

(6)  As an initial matter, Ewing cannot collaterally attack her 2020 conviction for unauthorized use of a motor vehicle on appeal from her 2022 VOP sentence.[2]  And, because Ewing did not provide the Court with the transcript of the June 24, 2022 VOP hearing, we are unable to review her claim that the evidence presented did not support a finding that she had violated the terms of her probation.[3]  In any event, Ewing's failure to report her change of address was just one of four grounds cited in the VOP report, and Ewing does not contend, for example, that she reported to her probation officer as directed.  Probation is an "act of grace," and the Superior Court has broad discretion when deciding whether to revoke a defendant's probation.[4]  Specifically, the Superior Court need only be satisfied that "the probationer's conduct has not been as good as required under the conditions of probation."[5]  Once the Superior Court determines that a defendant has violated the terms of her probation, the Superior Court may impose any period of incarceration

---

[1] After this appeal was filed, Ewing was again found to be in violation of the terms of her probation. We cannot review Ewing's claim concerning that VOP in this appeal.

[2] *See, e.g.*, *Weaver v. State*, 779 A.2d 254, 258 n. 17 (Del. 2001) ("The right to appeal from a sentence for a VOP is limited.  The defendant may challenge the VOP proceedings and sentence, but there is no right to challenge the underlying conviction and proceedings leading to that conviction.").

[3] *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987).

[4] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006).

[5] *Id.*

up to and including the balance of Level V time remaining on the original sentence.[6]

Ewing's VOP sentence does not exceed the time remaining on her sentence for the unauthorized use of a motor vehicle.

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Chief Justice

---

[6] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).

4