IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RITA CARNEVALE | § | |
| | § | |
| Defendant Below, | § | No. 398, 2022 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 2111009872 (N) |
| | § | |
| Appellee. | § | |

Submitted: July 7, 2023
Decided: July 25, 2023

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## ORDER

(1)     The appellant, Rita Carnevale, filed a *pro se* notice of appeal from a Superior Court order sentencing her as follows: (i) as to misdemeanor harassment, one year of incarceration suspended for one year of probation; and (ii) as to dumping refuse (leaves), a $100 fine.[1]  Because Carnevale was represented by counsel at trial,

---

[1] This Court has jurisdiction over appeals from the Superior Court in criminal matters in which the sentence is "imprisonment exceeding one month" or a "fine exceeding One Hundred Dollars." DEL. CONST. Art. IV, § 11(1)(b).  That jurisdiction extends to a sentence of more than one month that is suspended entirely for probation, like Carnevale's sentence for misdemeanor harassment. *See Weaver v. State*, 779 A.2d 254, 258-59 (Del. 2001) (holding that a Level V sentence in excess of one month, which is suspended entirely for probation, is appealable upon its imposition).  The Court's jurisdiction does not extend to review of a conviction for which the sentence imposed is a fine of $100 or less, like Carnevale's sentence for dumping refuse. *See Reese v. State*, 2014 WL 4059213, at *1 (Del. Aug. 15, 2014) (holding that defendant's conviction for criminal mischief was not appealable because the sentence for that offense was a fine of $100); *see also id.* (stating that "[i]n cases of multiple convictions, each sentence must be evaluated individually in order to determine whether it meets the constitutional threshold").

the Chief Deputy Clerk sent counsel a letter requesting that he either recognize his continuing obligation under Supreme Court Rule 26(a) to represent Carnevale on appeal or state the basis for his conclusion that he did not have such a continuing obligation.

(2)     After filing an amended notice of appeal and related documents as required by Rule 26(a)(1), counsel moved to withdraw.  Counsel asserted that it was clear after the conviction and sentencing that Carnevale "did not want anything to do with counsel and was disappointed in the outcome" and that, based on Carnevale's "actions and words at the sentencing, it would be impossible for counsel to continue to represent Ms. Carnevale."  The motion also stated counsel's opinion that "[t]here are no issues in the case which merit an appeal."  Finally, counsel requested that Carnevale, rather than counsel, be required to pay any costs or expenses related to the filing of the appeal.

(3)     Carnevale opposed counsel's motion to withdraw.  In her opposition, she stated that she was "upset" with counsel during trial for not objecting to the admission of a photograph on the grounds that she could demonstrate that the photograph had been taken a year earlier than the prosecution claimed.  She also set forth the basis for her belief that her harassment conviction was erroneous.  She indicated that counsel did not provide her with an engagement letter stating what

services were included in his $8,000 fee, and she therefore "was under the impression that it would include any appeals."

(4) On December 8, 2022, the Court denied counsel's motion to withdraw. The Court determined that counsel had not sufficiently established—nor even expressly stated in the motion—that the engagement did not include the appeal.[2] Moreover, although counsel contended that Carnevale's "action and words" made it "impossible" for counsel to represent Carnevale, he had not offered any factual support for that assertion, and Carnevale had indicated, by opposing his withdrawal, that she wanted him to continue representing her. Finally, the Court observed that counsel's opinion that the appeal was without merit did not require his withdrawal, as Delaware Supreme Court Rule 26(c) establishes a procedure by which counsel may proceed in that circumstance.

(5) Counsel later filed a second motion to withdraw (the "Second Motion"), in which he asserted that withdrawal was warranted under Rule 1.16(b)(6) of the Delaware Lawyers' Rules of Professional Conduct[3] because Carnevale had refused to pay the transcript cost of approximately $1,200; the scope of counsel's

---

[2] *See generally* DEL. L. R. PROF. COND. 1.5(b) ("The scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client, preferably in writing, before or within a reasonable time after commencing the representation . . . .").

[3] *See id.* R. 1.16(b)(6) (permitting withdrawal from a representation if "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client").

3

representation, and the fee that Carnevale paid for that representation, did not include an appeal; and Carnevale had rendered the representation unreasonably difficult. Counsel attached to the Second Motion a copy of a signed engagement letter that provided that the scope of counsel's representation—and the fee paid—did not include an appeal. In response to the Second Motion, Carnevale asserted that counsel was ineffective and that she did not render the representation unreasonably difficult. She also claimed that she had never seen nor signed the engagement letter. Although she acknowledged that the signature appeared to be hers, she asserted that it must either have been copied and pasted from another document or forged; she claimed that the date written next to her signature was not her handwriting.

(6) On March 6, 2023, the Court granted the Second Motion, allowing counsel to withdraw. The Court noted that it could not resolve a factual dispute regarding the validity of the engagement letter within the context of this appeal but determined that the Second Motion and Carnevale's response made clear that counsel no longer could effectively represent Carnevale. The Court further concluded that the cost of procuring the transcripts for the appeal would subject counsel to an unreasonable financial burden. Carnevale did not claim indigency and had not established any basis to conclude that counsel was obligated to bear the cost of transcripts. The Court therefore granted counsel's motion to withdraw under

Delaware Supreme Court Rule 26(d)(ii).[4]  The Court noted that counsel had submitted directions to the court reporter for transcription of certain proceedings in the trial court but that payment for the transcripts had not been made.  The Court therefore directed counsel to provide Carnevale with a copy of the Court's March 6, 2023 order and to notify her regarding how to effect the completion of the transcript.

(7)    On May 5, 2023, the Superior Court Assistant Chief Court Reporter submitted a letter to the Court stating that, after not receiving any contact or payment from Carnevale in connection with preparation of the transcript, he had telephoned her on May 3, 2023.  During the call, Carnevale complained about her former counsel, said the Assistant Chief Court Reporter was "apathetic," and hung up on him.  The Assistant Chief Court Reporter asked to be excused from preparing the transcript because Carnevale refused to pay the cost.  The Clerk's office then sent a letter to Carnevale withdrawing the deadline for the filing of the transcript and directing Carnevale to pay for the transcript by May 16, 2023, or the appeal would proceed without transcript, which might limit the issues that could be reviewed on appeal.

(8)    On May 18, 2023, the Clerk's office issued a briefing schedule; the opening brief was due by June 19, 2023.  No opening brief was filed, and on June

---

[4] *See* DEL. SUPR. CT. R. 26(d)(ii) ("Without the consent of the client, a privately retained attorney may be permitted to withdraw, after complying with paragraph (a) of this rule, on motion served upon the client . . . .").

21, 2023, the Clerk's office sent a brief delinquency letter to Carnevale. On June 29, 2023, the Clerk's office issued a notice, sent by certified mail, directing Carnevale to show cause why this appeal should not be dismissed for her failure to file an opening brief. On July 6, 2023, the Clerk received an email from Carnevale, which the Court deems to be her response to the notice to show cause, complaining about her former counsel and the Wilmington Police Department and asserting that her former counsel "is responsible for every aspect of my appeal."

(9) Carnevale is mistaken. The Court granted counsel's motion to withdraw on March 6, 2023. The staff of this Court and the Assistant Chief Court Reporter ensured that Carnevale was aware of her obligations to pay the transcript cost (if she desired to proceed with a transcript) and file an opening brief. As the appellant, and following her counsel's withdrawal, it is Carnevale's duty to diligently prosecute the appeal.[5] Carnevale has not established good cause for her failure to file an opening brief, and the appeal therefore is dismissed.[6]

---

[5] *See Proctor v. Ranger Ins. Co.*, 2002 WL 31883047, at *1 (Del. Dec. 27, 2002) ("The Court will not countenance Proctor's attempts to blame others for his repeated failure to file the opening brief and appendix. Proctor filed the appeal in this Court. It is his duty to diligently prosecute the appeal.").

[6] *Id.*

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice