**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | **Crim. ID No. 2205001959** |
| | ) | **Cr. A. No. IN22-05-1076** |
| MELVIN L. EARL, JR. | ) | |

Submitted:   September 17, 2024
Decided:   December 16, 2024
Written Decision Withdrawn, Corrected, and Reissued: December 17, 2024

*Upon Defendant Earl L. Melvin, Jr.'s*
*Motions for Correction of Sentence and for Sentence Reduction,*
**DENIED**.

## ORDER

This 17th day of December, 2024, upon consideration of the Defendant Melvin L. Earl's Motion for Correction of an Illegal Sentence (D.I. 15), Motion for Sentence Reduction (D.I. 12), his many ancillary applications and supplements thereto (D.I 18, 20-22, 25, 29), the State's responses to those motions (D.I. 17 and 24),  and the record in this matter, it appears to the Court that:

### FACTUAL AND PROCEDURAL BACKGROUND

(1)    In November 2022, Defendant Melvin L. Earl, Jr.,  was indicted for two counts of first-degree rape, three counts for first-degree unlawful sexual contact, one count of first-degree sexual abuse of a child by a person

of trust, and one count of second-degree sexual abuse of a child by a person of trust.[1]

(2) These multiple offenses arose from the sexual abuse of an 8-year-old little girl with whom the then-55-year-old defendant had a distant familial relationship. Evidence of this behavior included video recordings of oral copulation between the two. Mr. Earl's explanation for such depravity: The child was the "aggressor," "all of this was [the child's] idea. She never discussed this with me beforehand. She just did things to me."[2]

(3) At final case review, Mr. Earl pleaded guilty to a single count of rape in the first degree.[3] He did so in exchange for the State's: dismissal of the six other felony counts charging various forms of sexual abuse of the eight-year-old; withholding of a petition for application of a particular statutory sentence enhancement; and, favorable sentencing recommendation.[4]

---

[1] D.I. 6 (Indictment).

[2] These were statements made during the presentence investigation process. *See* Sentencing Tr. at 3-5, 8 (D.I. 13) (both counsel recounting the troubling nature of Mr. Earl's comments during the presentence investigation). The Court notes that at other times prior to and since sentencing, Mr. Earl has said: "I am fully responsible for this whole incident. She is not to blame for any of this. I myself was totally wrong. I Melvin Earl am the adult in this matter. . . . There is no one to blame but myself. I'm sorry." *See id.* at 7, 10-11 (Def.'s Sent. Ex. 1 (Mr. Earl's day-of-sentencing letter expressing remorse)).

[3] D.I. 9 (Plea Agreement).

[4] *Id.* at 1 ("State will agree to cap the recommendation for unsuspended Level 5 time at 20 years. . . . State agrees not to seek enhancement of sentence pursuant to 11 Del. C. 4205A.").

(4)     Mr. Earl's sentencing occurred on October 13, 2023, after a comprehensive presentence investigative (PSI) report was prepared. In addition to the materials compiled in that PSI report, the defense filed its own supplemental sentencing memorandum. All of that was thoroughly examined by the Court before the sentencing hearing.[5] The Court also considered the parties' sentencing presentations, Mr. Earl's final written statement of remorse, and his allocution before imposing his sentence.[6]

(5)     Mr. Earl was sentenced as follows for the rape in the first degree count: 50 years at Level V, suspended after he serves 20 years imprisonment, for 30 years of Level IV supervision, suspended after 6 months of Level IV supervision, for two years of intensive community supervision.[7]

(6)     His 20-year period of unsuspended imprisonment is comprised, in part, of a 15-year term that must be imposed under Delaware's first-degree rape statute.[8] The Court imposed the remaining 5 years as an exercise of its own sentencing judgment.[9]

---

[5]     Sentencing Tr. at 2-3.

[6]     *Id.* at 3-11; Def.'s Sent. Ex. 1.

[7]     D.I. 11 (Sentencing Order). The Court imposed various sentencing conditions that are of no moment to the current applications. *Id.*

[8]     Sentencing Order at 2. *See* DEL. CODE ANN. tit. 11, §§ 773 and 4205(b)(1) (2021) (first-degree rape is a class A felony with a statutory minimum of 15 years at Level V).

[9]     Sentencing Tr. at 12.

(7)     At the time of sentencing, the Court noted the aggravating and mitigating circumstances it found:

> To the extent the sentence might exceed the SENTAC presumptive sentence for the offense as pleaded to, the Court notes the Defendant's victim blaming—which has only recently changed— brings into doubt his true level of remorse.  The victim in this case was a very young child who was particularly vulnerable due to the living circumstances of the Defendant and victim.  The Court has considered the Defendant's obvious mental health issues and medical circumstances.[10]

(8)     Mr. Earl prosecuted no direct appeal from his conviction or sentence. But he immediately (and has persistently) docketed *pro se* applications under Superior Court Criminal Rule 35 challenging the legality of or requesting reduction of his prison term.[11]

(9)     While Mr. Earl has insisted on the Court's convening of oral argument on his many motions,[12] none is required.[13]  The Court can and will

---

[10]   Sentencing Order, at 3; Sentencing Tr. at 12-15 (the Court articulating the various aggravating and mitigating circumstances).  *See* DEL. CODE ANN. tit. 11, § 4204(n) (2021) ("Whenever a court imposes a sentence inconsistent with the presumptive sentences adopted by the Sentencing Accountability Commission, such court shall set forth on the record its reasons for imposing such penalty."); *see also White v. State*, 243 A.3d 381, 410-11 (Del. 2021) (identifying Delaware Supreme Court Administrative Directive No. 76 as another source for the requirement).

[11]   *E.g.* D.I. 12 (first *pro se* filing docketed 11 days after sentencing).

[12]   *E.g.* D.I. 18; D.I. 25.

[13]   *Johnson v. State*, 2000 WL 1177624, at*1 (Del. Aug. 11, 2000)  ("The decision to grant a hearing on a Rule 35(a) motion is one that is committed to the sound discretion of the Superior Court.");  Super. Ct. Crim. R. 35(b) (providing that the Court may consider a Rule 35(b) application "without presentation, hearing or argument").

decide these Rule 35 applications on the papers filed.

**MR. EARL'S INEFFECTIVENESS COMPLAINTS**[14]

(10)   In addition to his many sentencing complaints, Mr. Earl suggests that his counsel was ineffective and that her deficiencies lead to an invalid plea.  Mr. Earl's criticisms of his attorney—if they be attacks on the legal integrity of his rape conviction—are not cognizable under Rule 35.  A motion attacking a sentence under either Rules 35(a) or 35(b) presupposes a valid conviction.  So neither Rule 35 provision is a vehicle to attack the validity of the conviction for which the inmate is serving his  sentence. [15]

**MR. EARL'S RULE 35(a) MOTION (D.I. 15[16])**

(11)   In Mr. Earl's view, his sentence is "illegal" and in need of correction because: (a) the Court exceeded the applicable statutory maximum

---

[14]   D.I. 20 ("Grounds 1 and 8").

[15]   *Wilson v. State*, 2024 WL 1516285, at *2 (Del. Apr. 8, 2024) ("A Rule 35(a) motion presupposes the existence of a valid conviction and is not a means to mount a collateral attack on the underlying conviction."); *State v. Rivera*, 2014 WL 3894274, at *2 (Del. Super. Ct. Aug. 11, 2014)(collecting cases) (same for Rule 35(b)).

Mr. Earl's ineffectiveness claims will be resolved separately through his pending  Rule 61 petition.  D.I. 37 and 38.

[16]   Mr. Earl labeled this filing a "Motion for Sentence Reduction." D.I. 15.  But clearly, it is one claiming his sentence is "illegal" and pens arguments governed by Rule 35(a). *Id.* As the contents of Mr. Earl's many subsequent filings meander freely between Rule 35(a) and Rule 35(b) arguments, the Court has sorted them as best it can and will address them accordingly.

when it imposed the initial 50-year term;[17] (b) the suspension of 30 years of imprisonment after he serves his 20-year term somehow violates the Double Jeopardy clause[18] or the entire sentence violates the Eighth Amendment prohibition on cruel and unusual punishment;[19] (c) he believes his Department of Correction (DOC) status sheet misreports his sentence;[20] and, (d) he believes the sentence violates his plea agreement.[21] According to Mr. Earl, the Court must vacate his current sentence and hold a new sentencing hearing.[22]

(12) The State argues Mr. Earl's sentence needs no correction.[23]

(13) Criminal Rule 35(a) permits this Court to correct an illegal sentence "at any time."[24] Relief under Rule 35(a) is available when, *inter alia*, the sentence imposed: exceeds the statutorily-authorized limits; omits a term required to be imposed by statute; is uncertain as to its substance; or, is a

---

[17] D.I. 15 ("Ground 1"). *See also* D.I. 29 and 31 (arguing that somehow 11 *Del. C.* §§ 4346-4348 limit a Court to imposing only 45 years of imprisonment because for the purposes of the parole-eligibility statute "a person sentenced to imprisonment for life shall be considered as having been sentenced to a fixed term of 45 years").

[18] D.I. 15 ("Grounds 2 and 3"); D.I. 20 ("Ground 7"); D.I. 25.

[19] D.I. 20 ("Ground 2"); D.I. 31.

[20] D.I. 15 ("Ground 4").

[21] D.I. 20 ("Ground 6").

[22] D.I. 29.

[23] D.I. 24.

[24] Super. Ct. Crim. R. 35(a) ("*Correction of sentence.* -- The court may correct an illegal sentence at any time . . .").

sentence that the judgment of conviction did not authorize.[25]

(14)   Mr. Earl is simply incorrect on the law he argues in his Rule 35(a) motion.   *First*, the statutory maximum for first-degree rape is life imprisonment.[26]  The parole statutes Mr. Earl cites in no way limit the actual sentence that may be imposed by the Court in the first instance.  *Second*, the Court, by statute, may always suspend a portion of the sentence imposed,[27] which suspended portion might then be re-imposed should the Defendant violate any conditions of his supervision at lower levels.[28]  No Court has ever held such a sentence or the enabling statutory provisions violative of the Double Jeopardy clause.  And the overall sentence here comes nowhere close to cruel and unusual punishment.[29]  *Third*, a review of the entirety of the Mr. Earl's DOC Offender Status Sheet reveals that it accurately reflects the sentence imposed by this Court. But in any event "it is an internal recordkeeping document created and maintained by the DOC; it is not the

---

[25]   *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[26]   DEL. CODE ANN. tit. 11, §§ 773 and 4205(b)(1) (2021) (first-degree rape is a class A felony carrying a sentence of "not less than 15 years up to life imprisonment to be served at Level V").

[27]   DEL. CODE ANN. tit. 11, § 4204(c)(7) (2024).

[28]   *Weaver v. State*, 779 A.2d 254, 259 (Del. 2001).

[29]   *See McCleaf v. State*, 2004 WL 344423, at *1 (Del. Feb. 5, 2004) ("Sentences are unconstitutional if they are grossly disproportionate to the conduct being punished.").

actual sentence or sentencing order."[30]  *Lastly*, there is no inconsistency between the parties' plea agreement and the resultant sentence.  And even if there were, that is no basis for relief under Rule 35(a).[31]

(15)   In sum, there is no illegality in the substance of Mr. Earl's sentence.  He is due no relief under this Court's Criminal Rule 35(a), so that motion is **DENIED**.

### MR. EARL'S RULE 35(B) MOTION (D.I. 12[32])

(16)   Mr. Earl also docketed a motion under Superior Court Criminal Rule 35(b)[33] requesting reduction of his prison term for first-degree rape.

(17)   When considering motions for sentence reduction, "this Court addresses any applicable procedural bars before turning to the merits."[34]  As Mr. Earl's cumulative motion is his first and was timely filed, the Court finds there are no *procedural* bars to the consideration of his request under Rule 35(b).

---

[30]   *State v. Guseman*, 2021 WL 5903314, at *2 (Del. Super. Ct. Dec. 14, 2021).

[31]   *See generally Timmons v. State¸* 2003 WL 22214029 (Sept. 23, 2003).

[32]   See n. 17, *supra.*

[33]   Super. Ct. Crim. R. 35(b) (providing that, under certain conditions, the Court may reduce a sentence of imprisonment on an inmate's motion); *Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

[34]   *State v. Redden*, 111 A.3d 602, 6Lveel 06 (Del. Super. Ct. 2015).

(18)  Historically, the purpose of Superior Court Criminal Rule 35(b) has been to provide a reasonable period for the Court to consider alteration of its sentencing judgments.[35]  When an inmate files his motion for reduction of his incarcerative term within 90 days of his sentencing, the Court has broad discretion to decide whether to alter its judgment.[36]  "The reason for such a rule is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate."[37]  But, no doubt, as movant, Mr. Earl must shoulder the burden of establishing just cause for reduction of his otherwise legal sentence.[38]

(19)  The Court has examined Mr. Earl's core prayer—*i.e.*, his request that the Court reconsider and decide if, on further reflection, its sentence now seems unduly harsh—on the merits.[39]  Under every iteration of Delaware's criminal rules governing motions to reduce sentences, such entreaties are

---

[35]  *Johnson v. State*, 234 A.2d 447, 448 (Del. 1967) (per curiam).

[36]  *Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When, as here, a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment."); *State v. Williams*, 2015 WL 757551, at *2 (Del. Super. Ct. Feb. 18, 2015) ("Where a motion for reduction of sentence is filed within 90 days of sentencing, the Court has broad discretion to decide if it should alter its judgment.").

[37]  *State v. Remedio*, 108 A.3d 326, 331 (Del. Super. Ct. 2014) (cleaned up) (observing that such a request is essentially a plea for leniency: an appeal to the sentencing court to reconsider and show mercy).

[38]  *State v. Hayman-Cooper*, 2024 WL 2815333, at *4 (Del. Super. Ct. June 3, 2024), *app. dismissed*, 2024 WL 4441165 (Oct. 7, 2024).

[39]  Mr. Earl identifies this standard as a separate "ground for relief." D.I. 20 ("Ground 5").

addressed to the sound discretion of this Court.[40]

(20) As the primary bases for Rule 35(b) relief—outside the claims of his sentence's "illegality" already addressed—Mr. Earl identifies: his remorse; family hardship; and his rehabilitative efforts and community involvement.[41]

(21) The State opposes any reduction of Mr. Earl's unsuspended 20-year term of imprisonment.[42]

(22) Through his sentence reduction motion, Mr. Earl asks that the Court reweigh the aggravating and mitigating circumstances he believes were present at the time of his sentencing and then reduce his term of imprisonment. "A request for leniency and reexamination of the sentencing factors is precisely the stuff of which a proper and *timely* Rule 35(b) motion is made."[43]

(23) The Court must address some of the relief Mr. Earl suggests, but which the Court cannot grant. While Mr. Earl seems to believe otherwise,[44]

---

[40] *Hewett*, 2014 WL 5020251, at *1. *See also Shy v. State*, 246 A.2d 926 (Del. 1968); *Lewis v. State*, 1997 WL 123585, at *1 (Del. Mar. 5, 1997).

[41] D.I. 12 ("Grounds 1, 2, 3, 4"); D.I. 20 ("Ground 4" – repeating remorse).

[42] D.I. 17.

[43] *Remedio*, 108 A.3d at 331-32 (emphasis in original).

[44] *See* D.I. 20, 21, and 22 (when asking to cut his minimum term in half, Mr. Earl suggests in "Ground 3" that the "1997 Sentencing Guidelines" or federal rules allow this Court to do so); D.I. 21 and 22 (when adding his "Ground 9," Mr. Earl suggests the Court has the discretion to afford that same relief—*i.e.,* halving a statutory minimum—under its own Rule 35(b)).

this Court has no authority under its Rule 35(b) to reduce or suspend the mandatory portion of any substantive statutory minimum sentence.[45] Nor can the Court treat the filing of a timely Rule 35(b) motion as a "placeholder" or "bookmark"[46] inciting the Court to retain and exercise jurisdiction over the life of an inmate's sentence in contemplation of future events which may or may not occur.[47]

(24) That said, the Court has fully reviewed Mr. Earl's application, the record of this case, his prior criminal and social history, the merits of the present motion, and all sentencing information available. The Court carefully weighed the applicable aggravators and mitigators before imposing its sentence; a sentence that as a whole is well within the applicable statutory limits. The Court finds that when those and all other sentencing factors in Mr. Earl's case are reconsidered, they do not warrant a sentence reduction or

---

[45] *State v. Sturgis*, 947 A.2d 1087, 1092 (Del. 2008) ("Superior Court Rule of Criminal Procedure 35(b) provides no authority for a reduction or suspension of the mandatory portion of a *substantive* statutory minimum sentence.") (emphasis in original).

[46] *See* D.I. 12 (asking the Court to allow him to return for sentence review after completing some prison programming).

[47] *Jones v. State*, 2021 WL 1590188, at *2 (Del. Apr. 22, 2021) ("As the Superior Court recognized, Jones could not avoid the ninety-day time period in Rule 35(b) by filing a placeholder motion within the ninety-day period and then filing a motion with the substantive grounds for relief after the ninety-day period had expired."); *State v. Tollis*, 126 A.3d 1117, 1121-24 (Del. Super. Ct. 2016) (holding that placeholder applications are not permitted under Rule 35(b) or any other potential source of this Court's sentence reduction or modification authority).

modification here.  Rather, after a thorough review of the merits of Mr. Earl's requests, the Court finds its original sentencing judgment is appropriate for the reasons stated at the time it was rendered.

(25)  Accordingly, the Court will exercise its discretion under Rule 35(b)[48] and **DENY** Mr. Earl's request to reduce any aspect of the imprisonment imposed.

**SO ORDERED this 16th day of December, 2024.**

/s/ *Paul R. Wallace*

Paul R. Wallace, Judge

Original to Prothonotary

cc:  Mr. Melvin L. Earl, Jr., *pro se*
     Diana A. Dunn, Deputy Attorney General

---

[48]  *Hewett*, 2014 WL 5020251, at *1; *Rondon v. State*, 2008 WL 187964, at *1 (Del. Jan. 15, 2008) ("The merit of a sentence modification under Rule 35(b) is directed to the sound discretion of the Superior Court.").